2014-1724

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

INTELLECTUAL VENTURES II LLC,

Plaintiff-Appellee,

v

JPMORGAN CHASE & CO., et al.,

Defendants-Appellants.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
IN CIVIL ACTION NO. 13-CV-03777,
JUDGE ALVIN K. HELLERSTEIN, PRESIDING

## PLAINTIFF-APPELLEE'S OPPOSITION TO
## DEFENDANTS-APPELLANTS'MOTION TO STAY

Elizabeth Day
Ian Feinberg
Marc Belloli
**Nickolas Bohl**
FEINBERG DAY ALBERTI &
   THOMPSON, LLP
1600 El Camino Real, Suite 280
Menlo Park, CA 94025
650.618.4360

Thomas R. Burns, Jr.
ADDUCI, MASTRIANI, &
   SCHAUMBERG, LLP
1133 Connecticut Ave., NW, 12th Flr.
Washington, DC 20036
202.467.6300

*Attorneys for Intellectual Ventures II LLC*

Date:  September 2, 2014

Form 9

FORM 9.  Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Intellectual Ventures II LLC          v. JPMorgan Chase & Co., et al.

No. 14-1724

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)

Appellee Intellectual Ventures certifies the following (use "None" if applicable; use extra sheets if necessary):

1.      The full name of every party or amicus represented by me is:

Intellectual Ventures II LLC

2.      The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3.      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

N/A

4.  ☑   The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Ian Feinberg, Marc Belloli, Elizabeth Day, Nickolas Bohl - Feinberg Day Alberti & Thompson LLP;
Thomas R. Burns Jr. - Adduci, Mastriani & Schaumberg, LLP

| 09/02/2014 | /s/ Thomas R. Burns, Jr. |
| Date | Signature of counsel |
| | Thomas R. Burns, Jr. |
| | Printed name of counsel |

Please Note: All questions must be answered

cc: Counsel of Record

124

# **TABLE OF CONTENTS**

I.    **INTRODUCTION** ..........................................................................1

II.   **STATEMENT OF FACTS** ..........................................................2

III.  **ARGUMENT**..............................................................................6

    A.    JPMC Cannot Make a Strong Showing That Its Appeal
           Will Succeed..........................................................................6

    B.    The Equities Do Not Favor a Stay. ....................................14

    C.    The Court Should Defer Ruling on the Motion to Stay
           Until The Appeal Is Fully Briefed ....................................16

IV.   **CONCLUSION** ..........................................................................17

# TABLE OF AUTHORITIES

**Cases**

*E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*,
 835 F.2d 277 (Fed. Cir. 1987) ................................................................6

*Hilton v. Braunskill*,
 481 U.S. 770 (1987) .............................................................................6

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) ............................................................................11

*Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*,
 No. 13- 655, 2014 WL 3736514 (E.D. Tex. July 29, 2014)...................9

*Return Mail, Inc. v. United States*,
 No. 11-130, 2014 WL 3563297 (Fed. Cl. July 18, 2014) ......................9

*Sightsound Techs., LLC v. Apple*,
 No. 11–1292, 2013 WL 2457284 (W.D. Penn. June 6, 2013) .............10

*Smartflash LLC v. Apple, Inc.*,
 No. 13-447, 2014 WL 3366661 (E.D. Tex. July 8, 2014)...................11

*Tric Tools, Inc. v. TT Technologies, Inc.*,
 No. 12- 3490, 2012 WL 5289409 (N.D. Cal. Oct. 25, 2012)................8

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
 No. 14-1232, 2014 WL 3360806 (Fed. Cir. July 10, 2014) ...................... 1, 7, 8, 9

**Statutes**

157 Cong. Rec. S1360–02 (2011).........................................................10

America Invents Act § 18 ............................................................ 1, 5, 6

## I.  <u>INTRODUCTION</u>

Defendant-Appellants JPMorgan Chase & Co., JPMorgan Chase Bank, Nat'l Ass'n, and Chase Bank USA, Nat'l Ass'n, Chase Paymentech Solutions LLC, and Paymentech LLC's (collectively, "JPMC" or "Appellants") seek to stay the litigation below while it appeals the District Court's denial of its motion to stay.  In other words, it wants to stay this case while it seeks to stay this case.  This is despite JPMC waiting more than a year to file the CBMR petitions that purport to form the basis for its jurisdictionally improper interlocutory appeal under the AIA.

JPMC's motion to stay the litigation below, during the pendency of its appeal to this Court, should be denied.  JPMC cannot show it has a likelihood of success that it will prevail on its appeal (which also seeks a stay).

First, as argued in Plaintiff-Appellee Intellectual Ventures II LLC's ("Plaintiff-Appellee" or "IV") motion to dismiss (filed contemporaneously with this paper and briefly reiterated below) JPMC cannot establish the jurisdiction necessary to bring this interlocutory appeal and thus has no basis to seek a stay while the appeal is being decided.

Second, Judge Hellerstein acted well within his discretion to deny JPMC's motion to stay under the *VirtualAgility* case.  *VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 14-1232, 2014 WL 3360806 (Fed. Cir. July 10, 2013).  Misapplying *VirtualAgility*, JPMC seeks a rule that a stay should be mandatory when third

parties have filed *any* post-grant petitions, even when those petitions have not yet been granted. Put another way, what JPMC wants is for this Court to supplant Judge Hellerstein's—or any district court judge's—discretion with its own by imposing a blanket rule that stays any patent litigation when any post-grant petition is filed regardless of whether those petitions are CBMR petitions or whether the petitions have been granted. Such a rule not only flouts this Court's prior rulings, it removes all discretion from the district court, undoes the majority of other district court's rulings either denying or delaying a motion to stay until petitions are granted or denied, incentivizes parties to file petitions that lack merit to gain a stay, and is contrary to the language and intent of the AIA.

Finally, because JPMC seeks to sidestep the appellate briefing schedule by bringing this motion—which essentially subsumes the substance of its entire appeal—at most, the Court should deny JPMC's motion and decide the merits of its appeal through the normal briefing process.

## II.    STATEMENT OF FACTS

IV filed suit in District Court against JPMC on June 4, 2013. The complaint asserted five patents: U.S. Patent Nos. 5,745,574 ("the '574 patent"); 6,826,694 ("the '694 patent"); 6,715,084 ("the '084 patent"); 6,314,409 ("the '409 patent"); and 7,634,666 ("the '666 patent") (collectively, "the patents-in-suit"). Ex. 1

(Complaint).[1]  On October 29, 2013, the District Court held a technology tutorial.

Ex. 2 (District Court Docket).  The court held a *Markman* hearing on March 5 and

6, 2013, and issued its rulings from the bench.  *Id.*, Ex. 3 (*Markman* Order).  The

parties have engaged in extensive discovery, including exchange of requests for

written discovery, and responses thereto, productions of hundreds of thousands of

pages of documents, service of third-party subpoenas, production of source code,

numerous meet-and-confers, taking and scheduling of depositions, and the filings

of motions to compel.  Fact discovery is set to close in February 2015 and trial is

scheduled for tentatively October 2015.  Ex. 4 (August 21, 2014, Scheduling

Order).

    More than one year after IV filed suit, JPMC filed petitions for CBMR of the

'409 patent on July 11, 2014, and of the '574 patent on July 18, 2014.  Ex. 5 (JPMC

Notice of CBMR Petition).  The USPTO has yet to act on these petitions, and has

until February 3, 2015 to do so.  To date, no CBMR petitions have been filed

involving the other three patents-in-suit.  Non-parties has filed petitions for *inter

partes* review ("IPR") involving the '574, '409, '084, and '694 patents.  Ex. 6

(JPMC Notice of IPR Petition).  The USPTO has yet to act on any of these

---

   [1] Exhibits cited herein are attached (with their respective exhibit number) to the Affidavit of Thomas R. Burns, Jr. in Support of Plaintiff-Appellee's Opposition to Defendants-Appellants' Motion to Stay, filed herewith.

petitions.  A non-party also filed an IPR petition involving the '666 patent.  Ex. 7 (JPMC Notice of IPR Institution).  IPR proceedings with respect to the '666 patent have been instituted and remain pending.  *Id.*

Against this background—the granting of a single IPR petition involving one of the five patents-in-suit—JPMC moved to stay all proceedings pending the outcome of all the petitions and the lone-instituted proceeding involving the '666 patent.  Ex. 8 (JPMC First Motion to Stay).  Judge Hellerstein denied JPMC's motion to stay on August 11, 2014.  Ex. 9 (August 11, 2014, Order Denying First Motion to Stay).  In his ten-page decision, Judge Hellerstein carefully considered the relevant factors for staying this case based on the one granted IPR petition and the two filed, but not yet granted, CBMR petitions.  He denied the motion, based in large part on the advanced nature of the case, the numerous issues and claims involved versus the relatively minor impact the one IPR proceeding would have and the "what if" speculation advanced by JPMC based on CBMR petitions that had not been granted.  The day after Judge Hellerstein denied JPMC's motion to stay, JPMC filed yet another motion to stay, pending the outcome of an interlocutory appeal it had not yet filed.  Ex. 10 (JPMC Second Motion to Stay). The day after filing its second motion to stay, JPMC filed their notice of interlocutory appeal.  Ex. 11 (Notice of Appeal).  The day after that, August 14, 2014, Judge Hellerstein denied JPMC's second motion to stay pending

4

interlocutory appeal.  Ex. 12 (August 14, 2014, Order Denying Second Motion to Stay).

The crux of the issue is whether non-granted petitions mandate a stay.  But JPMC muddies that issue and misleads the Court by briefly discussing the two CBMR petitions and the thirteen IPR petitions that have only been filed and then defines them collectively as "PTAB Proceedings."  Defendants-Appellants' Motion to Stay Underlying Proceedings Pending Appeal – Dkt No. 2 ("Mot. Stay") at 1. This phrase is replete throughout JPMC's brief, and it all but assumes the petitions will be granted and the patents invalidated.  The AIA uses the word "proceeding" very specifically to reference a petition that has been granted.  The AIA only provides for interlocutory appeals for granted CBMR proceedings.  *See* AIA § 18(b).  To be clear, there is one proceeding—an IPR proceeding—and it has been instituted on one of the five patents in this litigation.  The PTAB has not granted either of the two CBMR petitions.

Second, JPMC repeatedly tells the Court that IV has entered stipulations to stay and suggests that it should be bound by those stipulations here.  What JPMC does not tell the Court is that in each of those situations CBMR petitions had already been ***granted*** so proceedings were already instituted.  Those stipulations did not involve any of the patents in this case and none involved JPMC.  Thus,

5

those stipulations involved different circumstances, different patents, and different parties.  They are not relevant to this litigation.

Third, JPMC misrepresents how much discovery has been completed.  In reality, infringement and invalidity contentions have already been served.  Numerous subpoenas have been served on third parties and depositions of third party witnesses are being discussed and scheduled.  JPMC has produced over 83,000 pages of discovery.  IV has produced over 66,000 pages of discovery.  And third parties have produced over 4,000 pages of discovery, not including source code.  Party depositions will soon take place after the close of written discovery on September 30, 2014.  Ex. 4.  The Court has ordered all fact discovery to be completed by February 13, 2015.  *Id.*

## III.  <u>ARGUMENT</u>

To prevail on its motion to stay, JPMC must make a "strong showing that [it] is likely to succeed on the merits," and show that on balance, the equities affecting the parties and the public favor a stay.  *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *E.I. DuPont de Nemours & Co. v. Phillips Petroleum Co.*, 835 F.2d 277, 278 (Fed. Cir. 1987).  JPMC can make no such showing.

### A.    **JPMC Cannot Make a Strong <u>Showing That Its Appeal Will Succeed</u>**

As the District Court has already found, JPMC is not likely to prevail on its appeal.  Ex. 12 at 2-3.  First, there is no jurisdiction for the Court to hear this

interlocutory appeal because no CBMR proceeding has been instituted. Second, Judge Hellerstein was well within his discretion to deny JPMC's motion to stay.

Only Section 18 of the AIA provides a potential basis for JPMC's interlocutory appeal.[2] Section 18 is directed only to CBM Review and provides interlocutory appeal only when there is a "transition proceeding"—i.e., when a CBMR proceeding has been instituted. AIA § 18(b) (stating that "a party may take an immediate interlocutory appeal" after a district court has ruled on a motion to stay "relating to a transitional proceeding."). The AIA does not authorize interlocutory appeals where there are no such "transitional proceedings." Here there are no transitional proceedings—only two pending CBMR petitions. Thus, JPMC cannot establish that this Court has jurisdiction to hear its interlocutory appeal and the appeal, along with this motion to stay, should be dismissed.

Second, Judge Hellerstein was well within his discretion to deny JPMC's motion to stay. This Court's decision in *VirtualAgility* features prominently in JPMC's motion to stay. There, the Court overturned a district court's denial of a motion to stay.[3] *VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 14-1232, 2014

---

[2] IV provides a more fulsome explanation of JPMC's lack of jurisdiction in its motion to dismiss, and only briefly outlines the argument here to show that JPMC cannot establish that its appeal will be successful.

[3] The Court's reversal of the district court was made over the dissent of Judge Newman. *VirtualAgility* has filed for en banc review arguing that the Court

*Continued . . .*

WL 3360806 (Fed. Cir. July 10, 2013).  But there is a key factual difference: in *VirtualAgility*, the PTAB had instituted CBMR proceedings, whereas here, as Judge Hellerstein explicitly relied on in his opinion denying the second motion to stay, the PTAB has not instituted any CBMR proceedings:

> Defendants' motion must "relat[e] to a transitional proceeding" for the patent allegedly infringed.  The "transitional proceeding," otherwise known as the CMBR, is a "post-grant review proceeding for review of the validity of covered business method patents." *Id.*, § 18.  The Patent Office has not begun any such proceeding in connection with the patents involved in this lawsuit.

Ex. 12 at 1-2.

Indeed, the *VirtualAgility* Court was careful to explain this difference was crucial and in situations, such as here, where there was no CBMR proceeding, "it was not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion."  *VirtualAgility Inc. v. Salesforce.com, Inc.*, No. 14-1232, 2014 WL 3360806, at *7 (Fed. Cir. July 10, 2014).  In stating that such decisions were "not error" the Court cited other district court opinions that entire waited until review was instituted to rule or denied motions to stay.  The Court "expressed no opinion on which is the better practice." *Id.*

---

*. . . continued*

improperly created a blanket rule that eliminated a district court's discretion to manage its own docket.

There is no "per se rule that patent cases should be stayed pending reexaminations." *Tric Tools, Inc. v. TT Technologies, Inc.*, No. 12- 3490, 2012 WL 5289409, at *1 (N.D. Cal. Oct. 25, 2012). District courts, including Judge Hellerstein below, have relied on the Court's language in *VirtualAgility* to either deny motions to stay or defer ruling on such motions. Ex. 12 at 2. For example, Judge Bryson explicitly relied on *VirtualAgility* and found that "[t]he most important—indeed, the dispositive—factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on the defendants' petition for CBM review." *Loyalty Conversion Sys. Corp. v. Am. Airlines, Inc.*, No. 13-655, 2014 WL 3736514, at *1 (E.D. Tex. July 29, 2014) (citing *VirtualAgility*, 2014 WL 3360806, at *7). He surveyed recent decisions and found that "the majority of courts that have addressed the issue have postponed ruling on stay requests or have denied stay requests when the PTAB has not yet acted on the petition for review." *Id.* (citing 14 decisions from 11 different districts either denying or deferring a motion to stay, not including Judge Hellerstein's); *Return Mail, Inc. v. United States*, No. 11-130, 2014 WL 3563297, at *2 (Fed. Cl. July 18, 2014) (deferring ruling on a motion to stay "considering the relatively advanced status of proceedings in this litigation and the ruling in *VirtualAgility, Inc. v. Salesforce.com, Inc.* . . . ."). JPMC would have this Court overrule each of those decisions. It points to no set of facts that distinguish this case from any other

instance where a court has denied a motion to stay—instead obfuscating the key, dispositive difference by repeatedly suggesting that CBMR "Proceedings" have been instituted.  *See, e.g.*, Mot. Stay at 16 ("If the Denial Order stands, Defendants will be deprived of the substantial savings in costs and time that the PTAB Proceedings promise, and which Congress intended them to provide.").

JPMC argues it was the legislative intent to force a stay here.  In particular, it relies on language from Senator Schumer.  But the AIA does not provide for an automatic stay, certainly not based on the mere filing of petitions, and Senator Schumer's comments were made in the context of granted CMBR petitions.

> However, Congress did not provide an automatic stay provision. Thus, under the statutory stay provision of the transitional program, staying patent cases pending CBM review remains squarely within the court's discretion, and "such determinations must rest on the facts of each particular case." *See Sightsound Techs., LLC v. Apple*, No. 11–1292, 2013 WL 2457284 at *1 (W.D. Penn. June 6, 2013). Whether to ultimately grant or deny such a stay flows from the court's inherent authority to manage its own docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

> The Court declines to rely on statements in the legislative history cited by Defendants that imply a stay should almost always be granted. The statutory text is unambiguous about what factors to apply and does not reflect the idea that a stay should almost always be granted. Moreover, some of the legislative history weighs against Defendant's position because it states the review program is "designed to provide a cheaper, faster alternative to district court litigation over the validity of business-method patents."

*Smartflash LLC v. Apple, Inc.,* No. 13-447, 2014 WL 3366661, at *2 (E.D. Tex. July 8, 2014).  As other courts have noted, different statements in the legislative history weigh against granting a stay in situations such as this where the district court litigation will likely be concluded long before any Patent Office proceeding. *Id.*  ("Moreover, some of the legislative history weighs against Defendant's position because it states the review program is 'designed to provide a cheaper, faster alternative to district court litigation over the validity of business-method patents.' *See* 157 Cong. Rec. S1360–02 (2011).").

At bottom, JPMC is unhappy with how Judge Hellerstein has run his courtroom.  Throughout its motion, JPMC bristles at many of Judge Hellerstein's decisions and statements.  For example, JPMC complains repeatedly that Judge Hellerstein had a *Markman* hearing before discovery.  Mot. Stay at 5-6 ("[B]efore any discovery began, the District Court *sua sponte* ordered that discovery would be stayed until it held a *Markman* hearing.").  But no rule proscribes such an approach.  JPMC also takes issue with numerous other statements: that with Judge Hellerstein said "patent claims can be difficult, but not more so than other claims" (*id*. at 14-15); that Judge Hellerstein relied on the Federal Rule's promise of a "just, speedy, and inexpensive determination" (*id.* at 14); that Judge Hellerstein wants to complete discovery by early next year and has set trial for October 2015 (*id.* at 12); that Judge Hellerstein rules within the full ambit of his discretion (*id.* at 6,

highlighting Judge Hellerstein's statement that "I'm running this case, as far as I have discretion to do"); and that Judge Hellerstein denied JPMC's motion to stay—twice.  None of this is reversible error—or error at all.  As he said, Judge Hellerstein is allowed to run this case, as far as he has discretion to do.  Everything he has done has been well within that discretion.  The case is before him in his courtroom—not JPMC's courtroom, not IV's courtroom.

Other than complaining about not getting its way, JPMC cannot point to any error in Judge Hellerstein's order.  He correctly found that it was conjecture to know if issues would be streamlined.  Ex. 9, at 8 ("Again, I do not understand the sense of staying this entire litigation to wait and see whether the PTAB will initiate a review of some of the claims of these patents, when there are multiple patens and multiple claims.").  It is uncontroverted that only two CBMR petitions have been filed for two of the five patents and none have been granted.  Judge Hellerstein was correct then that (1) any streamlining is speculative until the CBMR petitions have been acted upon and (2) even if they were granted, they would only apply to a limited subset of issues.  *Id.* at 7.  Similarly, Judge Hellerstein found that the number of issues potentially streamlined by the one IPR proceeding were minor compared with the number of issues in the case and the advanced stage of the litigation, and that even if granted, there is little chance the proceedings could affect the litigation at this advanced stage.  *Id.* at 5-6.

12

Nor was it error to find that the case was indeed at a relatively advanced stage. Ex. 9, at 8-9. The Court has issued its *Markman* order. The parties have exchanged contentions. Despite JPMC's representations, the parties have engaged in significant discovery efforts, producing hundreds of thousands of pages, preparing to produce significantly more, scheduling depositions, and preparing for expert reports that will occur after the close of fact discovery on February 13, 2015. Moreover, trial has tentatively been scheduled for October 2015. Based on these facts, Judge Hellerstein was correct to find that a stay "could result in substantial delay." *Id.* at 9. On the other hand, because JPMC will not agree to be bound by any estoppel that binds IPR petitions (all of which were filed by other, non-parties), there is a strong likelihood that the same issues litigated before the PTAB will need to be litigated before the District Court, either now or after an unnecessary several-year delay.

And because no CBMR proceedings have been instituted, the Court was also correct that any stay would give JPMC a tactical advantage. A stay deprives IV of its day in court and of its right to a "just, speedy, and inexpensive determination" under Rule 1, while JPMC is allowed to infringe IV's patents without recourse. JPMC dismissively rejects IV's rights because, as JPMC is so quick to remind the Court, IV is a non-practicing entity. Thus, JPMC argues that IV can be made whole at some distant, unknown point. But not knowing whether a lawsuit will

succeed is taxing in a variety of ways, not just the continued fees and costs. Regardless of whether IV can be made whole through monetary damages for JPMC's infringement at a future date, this uncertain recovery cannot negate or take into account the continued and varied costs on IV's business by having interminable patent litigation remain outstanding, to say nothing of alleviating the inherent wrong of JPMC's infringement.  Ex. 9, at 5, 8 ("[M]eanwhile time is wasted, parties' business practices are paralyzed, and expenses mount.").  If Federal Rule of Civil Procedure 1 is to have any meaning, then surely it weighs against needlessly staying this case, as JPMC would have.

JPMC merely repeat the arguments it made below and contends that the Court had no choice but to accept them.  But disagreeing with JPMC is not reversible error.  Judge Hellerstein's thorough ten-page opinion, as well as the arguments IV raised in its briefing below, show that there was substantial support for his findings.  The District Court was well within its discretion to deny JPMC's two motions to stay, and JPMC has not, and cannot, establish that there is a strong likelihood—or any likelihood—that its appeal—for which there is no jurisdiction—will prevail.

### B.    <u>The Equities Do Not Favor a Stay</u>

Analyzing whether the parties' interests favor or disfavor a stay pending appeal repeats much of what has already been stated.  IV is entitled to its day in

court and the continued and unnecessarily prolonged litigation of this matter is expensive, both in fees and costs, and the intangible cost in having unresolved litigation complicate its business in a myriad of ways, all while JPMC is allowed to infringe multiple patents unfettered.

But JPMC argues that it will be irreparably harmed. Again, its arguments are all premised on the assumption that the CBMR petitions will be granted, that it will ultimately prevail on all claims, and that IPR petitions will be granted and all claims of all patents will be found invalid. This is all speculation.

Importantly, JPMC has not even attempted to show its CBMR petitions will likely be granted through a discussion of the merits. This may be because those petitions are not likely to be granted because the claims are directed to technological innovations and do not even qualify as covered business method patents under the AIA. Nor has JPMC shown that any of the other pending IPR petitions are likely to be granted. What is not speculation is that this case is at an advanced stage, that discovery will close in a matter of months, that trial is set for later next year, and that staying the case will cause unnecessary delay, undo much of the parties' progress on discovery, and thwart IV's rights to protect its intellectual property and to have a just and speedy resolution of its case by an Article III Court.

All of JPMC's alleged irreparable harm flows from being a defendant in litigation—mostly the cost of discovery and motion practice. Such harm could of course be lessened by JPMC not filing repeated motions to stay and appeals that lack jurisdiction, or eliminated entirely if JPMC agreed to compensate IV for infringing its patents. A speedy resolution of this litigation, through settlement or through trial, behooves JPMC, as well as IV, by bringing finality to the substantive question of whether it infringes—the tax of ongoing and unresolved liability weighs greatly on any business. Moreover, JPMC's fees to its attorneys are certainly not fixed, but directly correlated to how long this litigation continues. Thus, denying its motion to stay is in fact better for JPMC just as it is for IV.

Finally, JPMC repeats again that because IV has stipulated to stay other cases that this case should also be stayed. IV only stipulated to a stay when CBMR proceedings had been instituted and those stipulations concerned unrelated patents—not the patents-at-issue in the case against JPMC.

## C.    The Court Should Defer Ruling on the Motion to Stay Until The Appeal Is Fully Briefed

This appeal presents a unique procedural situation. JPMC is filing a motion to stay litigation so it can ask the Court to stay the same litigation. Thus, JPMC's motion addresses the substance of the underlying appeal. IV should be allowed to fully oppose JPMC's appeal as contemplated by the Federal Rules of Appellate Procedure and this Court's rules. Thus, if the Court decides to entertain JPMC's

16

interlocutory appeal, IV requests that the Court deny the motion to stay and allow the parties to fully address the issue fully through their briefs.

There are no exigent circumstances that should permit JPMC to jump the front of the appellate line.  Indeed, JPMC waited more than one year before it filed its CBMR petitions, all while the litigation continued.  Thus, any exigency is the product of JPMC's own delay.

## IV.    <u>CONCLUSION</u>

IV respectfully requests that the Court deny JPMC's motion to stay pending its appeal.  JPMC cannot establish a strong likelihood of success on the appeal.  There is no jurisdictional basis for JPMC's appeal.  Even if there were, Judge Hellerstein acted well within his discretion as recognized by this Court.  Judge Hellerstein's findings were correct and well supported.  The private and public equities favor denying JPMC's motion.  IV is allowed to prevent JPMC from infringing its patents and any unnecessary delays based on conjecture are extremely harmful to IV's interests, and JPMC's interests as well.  Finally, IV should be allowed to fully address JPMC's appeal in the ordinary course of briefing and not through JPMC's procedural motion.

Dated:  September 2, 2014                    Respectfully submitted,

                                            /s/ Thomas R. Burns, Jr.
                                            Thomas R. Burns, Jr.
                                            ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
                                            1133 Connecticut Ave., NW, 12th Floor
                                            Washington, DC 20036
                                            burns@adduci.com
                                            Telephone:  202.467.6300
                                            Facsimile:    202.466.2006

                                            Elizabeth Day
                                            Ian Feinberg
                                            Marc Belloli
                                            Nickolas Bohl
                                            FEINBERG DAY ALBERTI &
                                                THOMPSON, LLP
                                            1600 El Camino Real, Suite 280
                                            Menlo Park, CA 94025
                                            Telephone:  650.618.4360

FEIN700114-4

18

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF-APPELLEE'S OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO STAY** was served to the parties, in the manner indicated below, this 2nd day of September 2014**:**

**COUNSEL FOR DEFENDANT JP MORGAN CHASE & CO., ET AL.**

Kenneth R. Adamo
KIRKLAND & ELLIS LLP
601 Lexington Avenue
Citigroup Center
New York, NY 10022

☒ **CM/ECF DELIVERY**

☐ **VIA FIRST CLASS MAIL**

Mark A. Lemley
Clement Roberts
Durie Tangri LLP
217 Leidesdorff Street
San Francisco, CA 94111

☒ **CM/ECF DELIVERY**

☐ **VIA FIRST CLASS MAIL**

*/s/ Thomas R. Burns, Jr.*
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

FEIN100014-4