**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

2014-1724

Intellectual Ventures II LLC,

                Plaintiff-Appellee

v.

JPMorgan Chase & Co., JPMorgan Chase Bank, National Association, Chase Bank USA, National Association, Chase Paymentech Solutions, LLC, Paymentech LLC,

                Defendant-Appellants

Appeal from the United States District Court for the Southern District of New York in Case No. 13-03777-AKH, Judge Alvin K. Hellerstein

**PLAINTIFF–APPELLEE INTELLECTUAL VENTURES II LLC'S OPPOSITION TO MOTION FOR EXPEDITED TREATMENT**

Ian Feinberg
Elizabeth Day
Marc Belloli
Nickolas Bohl
FEINBERG DAY ALBERTI &
   THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, California 94025
Tel:  650.618.4360
Fax:  650.618.4368

Thomas R. Burns, Jr.
ADDUCI, MASTRIANI &
   SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, NW,
   12th Floor
Washington, DC 20036
Tel:  202.467.6300
Fax:  202.466.2006
burns@adduci.com

*Attorneys for Plaintiff-Appellee Intellectual Ventures II LLC*

FORM 9. Certificate of Interest

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Intellectual Ventures II LLC  v.  JPMorgan Chase & Co., et al.

No. 14-1724

## CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party) Appellee Intellectual Ventures certifies the following (use "None" if applicable; use extra sheets if necessary):

1. The full name of every party or amicus represented by me is:

Intellectual Ventures II LLC

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

N/A

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

N/A

4. ☑ The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Ian Feinberg, Marc Belloli, Elizabeth Day, Nickolas Bohl - Feinberg Day Alberti & Thompson LLP; Thomas R. Burns Jr. - Adduci, Mastriani & Schaumberg, LLP

09/02/2014
Date

/s/ Thomas R. Burns, Jr.
Signature of counsel

Thomas R. Burns, Jr.
Printed name of counsel

Please Note: All questions must be answered
cc: Counsel of Record

There is no jurisdiction for Defendants-Appellants' appeal and no reason to consider the improper appeal on an expedited basis. Indeed, there is no statutory right for this interlocutory appeal. Even if this fatal flaw is ignored, Defendants-Appellants have failed to demonstrate good cause for expedited treatment. Thus, the Court should deny Defendants-Appellants JPMorgan Chase & Co., JPMorgan Chase Bank, Nat'l Ass'n, and Chase Bank USA, Nat'l Ass'n, Chase Paymentech Solutions LLC, and Paymentech LLC's (collectively, "JPMC" or "Defendants-Appellants") Motion to Expedite Appeal (Dkt No. 3) ("Mot.").

I. **The Appeal Is Improper Overall, Therefore There Is No Need for Expedited Treatment**

Section 18(b) of the Leahy-Smith America Invents Act ("AIA") permits a party to take an immediate interlocutory appeal from a district court's decision regarding a motion to stay when there is a pending covered business method reviews ("CBMR"). *See* AIA § 18(b)(2); Pub. L. No. 112-29, 125 Stat. 284, 331 (2011). Here, there is no dispute that there are no pending CBMR on any of the patents in suit. *See* Mot. at 4 (admitting that decisions on the relevant CBMR petitions are not likely to come until February, 2015). Thus, Section 18(b) is inapplicable. Nevertheless, Defendants-Appellants appeal the United States District Court for the Southern District of New York's ("District Court") decision on JPMC's motion to stay the district court case pending inter partes review ("IPR") and CBMR of the patents at issue. Defendants-Appellants also ask the

Court to stay the underlying district court case pending this improper appeal. *See* Defendants-Appellants' Motion to Stay Underlying Proceedings Pending Appeal – Dkt No. 2.  As Appellee Intellectual Ventures II LLC ("Plaintiff-Appellee" or "IV") explained in both Plaintiff-Appellee's Opposition to Defendants-Appellant's Motion to Stay (Dkt. No. 19) and Plaintiff-Appellee's Motion to Dismiss Defendants-Appellant's Appeal (Dkt. No. 18), this appeal should be dismissed for lack of jurisdiction and fails on the merits assuming for purposes of argument there is even jurisdiction.  Rather than reiterate those arguments here for the third time, IV incorporates those papers and arguments by reference.

## II.     Expedited Treatment Is Not Warranted

### A.     Defendants-Appellants Fail to Demonstrate Good Cause for Expedited Treatment

This appeal and motion for expedited treatment are factually distinguishable from *VirtuallyAgility Inc. v. Salesforce.com, Inc*. – the only case relied upon by Defendants-Appellants to justify their request.  Most notably, in *VirtualAgility*, the Patent Trial and Appeal Board ("PTAB") had already granted the appellant's petition for CBMR before the appellant went to the District Court or the CAFC seeking a stay.  2014 WL 3360806, at *1 (Fed. Cir. 2014).  In addition, the PTAB had already published its opinion as to the likelihood of success on the merits – that the patents in question were likely to be held invalid – and issued a scheduling

3

order.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 2014-1232, 2014 WL 3360806, Dkt. 14 at 3 (Fed. Cir. 2014).

Those facts are in stark contrast to the situation in this case, where Defendants-Appellants have only recently filed their request for review with the PTAB, and will not even receive a decision on institution until next year.  *See* Mot. at 4.  To hold that a stay is proper upon mere application for a transitional proceeding under AIA § 18(a) would provide patent holders with unfettered ability to hold up litigations in the district courts.

Moreover, this Court has frequently held that the best way for appellants to expedite a briefing schedule is to file their own brief as early as possible – the timing of which is completely within their control.  *See Medeva Pharma Suisse A.G. v. Par Pharmaceutical, Inc.,* 2011 WL 2669142, at *1 (Fed. Cir. 2011) (holding there was no "sound reason" to cut short the appellee's briefing schedule, when the appellant could simply self-expedite by filing its briefs early); *Cephalon, Inc. v. Watson Pharmaceuticals, Inc*., 2011 WL 1979920, at *1 (Fed. Cir. 2011) (same); *Broadcom Corp. v. Qualcomm Inc*., 2009 WL 2424407, at *1 (Fed. Cir. 2009) ("It is the usual practice of this court to assign cases to an oral argument calendar promptly after briefing is completed.  Qualcomm may, of course, self-expedite the case by filing its own briefs early."); *Hallmark–Phoenix 3, LLC v. United States,* 2011 WL 2669156, at *1 (Fed. Cir. 2011) (holding that because

Plaintiff-Appellant itself had "not expedited the filing of its opening brief" it had not taken advantage of the easiest way to expedite proceedings).

Defendants-Appellants have asked – without good cause – to have IV's briefing schedule shortened by nineteen (19) days, while leaving their own briefing schedule to their own prerogative. While Defendants-Appellants allege that they intend to file "as soon as practicable," the opening brief has not yet been filed. Mot. at 8. Thus, this remains an unfulfilled and unreliable promise – certainly not one upon which to grant the shortening of Plaintiff-Appellee's briefing schedule without even seeing said promise fulfilled.

**B.     No Prejudice Will Result from Proceeding
         Under an Ordinary Schedule, but Prejudice
         Will Result to IV Under the Requested Schedule**

No prejudice will result if this Court denies the motion for expedited treatment, as the underlying appeal is improper. As demonstrated in Plaintiff-Appellee's Opposition to Defendants-Appellant's Motion to Stay and Plaintiff-Appellee's Motion to Dismiss to Defendants-Appellant's Appeal, Defendants-Appellants are not likely going to be able to pursue their appeal, let alone succeed on the merits. Thus, there is no reason for this Court to decide the appeal in an expedited fashion.

Plaintiff-Appellees will be prejudiced if this motion is granted. As in all appeals, Defendants-Appellants are at will to file their opening brief whenever they

5

choose and need not seek the Court's permission to expedite their own briefing. After filing their initial brief, however, Defendants-Appellants did not propose to shorten their briefing schedule at all. In contrast, however, IV would lose three (3) weeks of their already short briefing schedule. Defendants-Appellants have not proffered one fact which should result in such a disparate schedule for the parties.

### C. The Court Is Capable of Managing Its Own Hearing Schedule

Finally, should the Court wish to place the appeal on an expedited hearing docket after an ordinary briefing schedule, IV has no objection as the Court is in the best position to manage its docket of appeals.

Date: September 2, 2014                    Respectfully submitted,


/s/ *Thomas R. Burns, Jr.*
Thomas R. Burns, Jr.
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1133 Connecticut Avenue, N.W., 12th Floor
Washington, DC 20036
Tel:   202.467.6300
Fax:  202.466.2006
burns@adduci.com

Ian Feinberg
Elizabeth Day
Marc Belloli
Nickolas Bohl
FEINBERG DAY ALBERTI & THOMPSON LLP
1600 El Camino Real, Suite 280
Menlo Park, California 94025
Tel:   650.618.4360
Fax:  650.618.4368

*Attorneys for Plaintiff-Appellee*
*Intellectual Ventures II LLC*

FEIN700014

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **PLAINTIFF–APPELLEE INTELLECTUAL VENTURES II LLC'S OPPOSITION TO MOTION FOR EXPEDITED TREATMENT** was served to the parties, in the manner indicated below, this 2nd day of September 2014**:**

### COUNSEL FOR DEFENDANT JP MORGAN CHASE & CO., ET AL.

| | |
|---|---|
| Kenneth R. Adamo<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>Citigroup Center<br>New York, NY 10022 | ☒ **CM/ECF DELIVERY**<br><br>☐ **VIA FIRST CLASS MAIL** |
| Mark A. Lemley<br>Clement Roberts<br>Durie Tangri LLP<br>217 Leidesdorff Street<br>San Francisco, CA 94111 | ☒ **CM/ECF DELIVERY**<br><br>☐ **VIA FIRST CLASS MAIL** |

*/s/ Thomas R. Burns, Jr.*
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

FEIN100014-4