**No. 2014-1724**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

INTELLECTUAL VENTURES II LLC,

*Plaintiff-Appellee,*

*v.*

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, CHASE BANK USA, NATIONAL ASSOCIATION, CHASE PAYMENTECH SOLUTIONS, LLC, PAYMENTECH LLC,

*Defendants-Appellants.*

Appeals from the United States District Court for the Southern District of New York in civil action No. 1:13-cv-03777, Judge Alvin K. Hellerstein

**BRIEF FOR AMICUS CURIAE ASKELADDEN L.L.C. IN SUPPORT OF DEFENDANTS-APPELLANTS' OPPOSITION TO PLAINTIFF-APPELLEE'S MOTION TO DISMISS**

RICHARD W. O'NEILL
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

JAMES L. QUARLES III
GREGORY H. LANTIER
ROBERT A. ARCAMONA
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

September 15, 2014

## CERTIFICATE OF INTEREST

Counsel for Amicus Curiae Askeladden, L.L.C. certifies the following:

1. The full name of every party or amicus represented by me is:

   Askeladden, L.L.C.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   Askeladden, L.L.C.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Askeladden, L.L.C. is a wholly-owned subsidiary of The Clearing House Payments Company L.L.C. No corporation or publicly held company owns 10 percent or more of The Clearing House Payments Company L.L.C.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

   Wilmer Cutler Pickering Hale and Dorr LLP: James L. Quarles III; Gregory Lantier; Richard W. O'Neill; and Robert A. Arcamona

Dated: September 15, 2014

/s/ James L. Quarles III
JAMES L. QUARLES III

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTEREST ........................................................................ i

TABLE OF AUTHORITIES........................................................................ iii

STATEMENT OF IDENTITY AND INTEREST OF AMICI CURIAE ................ 1

ARGUMENT ............................................................................................ 2

CONCLUSION .......................................................................................... 9

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Athenahealth, Inc. v. Carecloud Corp.*, No. 13-cv-10794, 2014 WL 3566068 (D. Mass. July 17, 2014) ....5

*AutoAlert Inc. v. DealerSocket, Inc.*, No. 13-cv-00657, ECF Dkt. No. 190 (C.D. Cal. July 18, 2014) ....5

*Bender v. Dudas*, 490 F.3d 1361 (Fed. Cir. 2007)....4

*Broadcast Innovation, L.L.C. v. Charter Communication Inc.*, No. 03-cv-2223, 2006 WL 1897165 (D. Colo. July 11, 2006) ....7

*buySAFE, Inc. v. Google, Inc.*, No. 3:12-cv-781, 2014 WL 2714137 (E.D. Va. June 16, 2014) ....5

*Capital Dynamics AG v. Cambridge Associates*, No. 13-cv-7766, 2014 WL 1694710 (S.D.N.Y. Apr. 1, 2014) ....5

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984)....4

*Credit Acceptance Corp. v. Westlake Services, LLC*, No. 13-cv-01523, ECF Dkt. No. 67 (C.D. Cal. Dec. 30, 2013)....5

*GT Nexus, Inc. v. Inttra, Inc.*, No. 11-cv-02145, 2014 WL 3373088 (N.D. Cal. July 9, 2014)....5

*Gustafson v. Alloyd Co.*, 513 U.S. 561 (1995)....4

*In re Ameranth Patent Litigation Cases*, No. 11-cv-1810, 2013 WL 7144380 (S.D. Cal. Nov. 26, 2013)....5

*Intertainer, Inc. v. Hulu, LLC*, No. 13-cv-5499, 2014 WL 466034 (C.D. Cal. Jan. 24, 2014) ....5

*Jay v. Boyd*, 351 U.S. 345 (1956) ....6

*Landmark Technology, LLC v. iRobot Corp.*, No. 6:13-cv-411, 2014 WL 486836 (E.D. Tex. Jan. 24, 2014) ....5

*Market-Alerts Pty. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486 (D. Del. 2013) ........ 5

*NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490 (1979) ........ 8

*Sightsound Technologies, LLC v. Apple, Inc.*, No. 11-cv-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ........ 5

*Van Wersch v. Department of Health & Human Services*, 197 F.3d 1144 (Fed. Cir. 1999) ........ 6

*Versata Software, Inc. v. Volusion, Inc.*, No. 12-cv-893, 2013 WL 6912688 (W.D. Tex. June 20, 2013) ........ 5

*VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2014-1232, 2014 WL 3360806 (Fed. Cir. 2014) ........ 9

*Xilidev, Inc. v. Boku, Inc.*, No. 13-cv-2793, 2014 WL 3353256 (S.D. Cal. July 1, 2014) ........ 5

*Zillow, Inc. v. Trulia, Inc.*, 12-cv-1549, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ........ 6

**STATUTES AND REGULATIONS**

35 U.S.C.
§ 323 ........ 9
§ 324 ........ 9

Leahy-Smith American Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) ........ *passim*

37 C.F.R. § 42.2 ........ 3

*Office Patent Trial Practice Guide*, 77 Fed. Reg. 48,756 (2012) ........ 3

**LEGISLATIVE MATERIALS**

157 Cong. Rec.
S1053 (daily ed. Mar. 1, 2011) ........ 2
S1360 (daily ed. Mar. 8, 2011) ........ 3, 7, 8

## STATEMENT OF IDENTITY AND INTEREST OF AMICUS CURIAE[1]

Askeladden L.L.C. is an education, information and advocacy organization whose goal is to improve the understanding, use, and reliability of patents in financial services and related industries. Askeladden seeks to improve the United States patent system by, among other things, submitting amicus curiae briefs on important legal issues.[2]

Askeladden is a wholly-owned subsidiary of The Clearing House Payments Company L.L.C. Established in 1853, The Clearing House is the oldest banking association and payments company in the United States. It is owned by the world's largest commercial banks, which collectively hold more than half of all deposits in the United States and employ over one million people in the United States and more than two million people worldwide. The Clearing House Payments Company L.L.C. clears almost $2 trillion each day, representing nearly half of all automated clearing-house, funds transfer, and check-image payments made in the United States. Its affiliate, The Clearing House Association L.L.C., is a nonpartisan advocacy organization that represents the interests of its owner banks by promoting and developing policies to support a safe, sound, and competitive banking system.

---

[1] No party, and no person other than Askeladden, L.L.C., or its members, contributed toward the preparation or submission of this brief.

[2] Defendants-Appellants have consented to the filing of this brief. Plaintiff-Appellee has not.

The stay provisions of Section 18 of the Leahy-Smith American Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011) ("AIA") are a critically important component of Congress's efforts to diminish abusive patent litigation practices involving "business method" patents. Because the financial services sector, like other sectors, has been subjected to numerous lawsuits on business method patents, Askeladden has a specific and strong interest in promoting the correct interpretation of Section 18, and ensuring that interlocutory review by this Court is available to financial services companies and other defendants that have been denied a stay of pending patent infringement litigation where a petition for covered business method ("CBM") review is currently pending before the U.S. Patent and Trademark Office ("PTO").

**ARGUMENT**

Congress enacted Section 18(b)(1) of the AIA to encourage district courts to stay litigation based on business method patents that are involved in CBM review proceedings before the PTO. *See* 157 Cong. Rec. S1053 (daily ed. Mar. 1, 2011) (statement of Sen. Schumer) (Section 18(b)(1) places a "very heavy thumb on the scale in favor of the stay."). At the same time, Congress enacted Section 18(b)(2) to ensure that district courts consistently adhere to that Congressional intent by authorizing immediate interlocutory appeal of any order issued under Section 18(b)(1) that grants or rejects a stay of litigation "relating to a [CBM review]

proceeding." AIA § 18(b)(1); *see* 157 Cong. Rec. S1360 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer) (Section 18(b)(2) will "ensure consistent application of standards and precedents across the country.").

In its pending motion to dismiss this appeal, Intellectual Ventures ("IV") seeks to undermine that important statutory scheme by wrongly interpreting Section 18(b) to "only allow[] interlocutory appeal where a CBM proceeding ***has been granted***." Dkt. No. 18-1 at 2. For the four reasons below, Askeladden respectfully urges the Court to reject that incorrect reading of the statute, make clear that Section 18(b) permits interlocutory appeals of orders that grant or deny a litigation stay based on the filing of a petition for CBM review, and deny IV's motion to dismiss this appeal.

***First***, IV's argument conflicts with Section 18(b)(1)'s broad reference to a CBM review "proceeding," which necessarily commence when a petition is filed seeking CBM review. Indeed, acting pursuant to a Congressional directive to "issue regulations establishing and implementing [CBM] review proceeding[s]," AIA § 18(a)(1), the PTO has defined the term "proceeding" as involving "a trial or preliminary proceeding," and has defined a "preliminary proceeding" as "***begin[ing] with the filing of a petition for instituting a trial***." 37 C.F.R. § 42.2 (emphasis added); *see also Office Patent Trial Practice Guide*, 77 Fed. Reg. 48756 (2012) ("Proceedings begin with the filing of a petition to institute a trial.").

The PTO's expert interpretation of Section 18(a)(1) strongly suggests that the term "proceeding" as used in Section 18(b)(1) includes the period during which a petition for CBM review is pending before the PTO. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995) (stating that there is a "normal rule of statutory construction" that "identical words used in different parts of the same act are intended to have the same meaning"); *see Bender v. Dudas*, 490 F.3d 1361, 1368-1370 (Fed. Cir. 2007) (Court "defer[ed]" to the PTO's interpretation of the term "before the office" when used in a statute authorizing the PTO to establish regulations) (citing *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-845 (1984)).

That conclusion is further reinforced by the many district courts that have similarly interpreted the term "proceeding" in Section 18(b)(1) as encompassing the filing of a petition for CBM review.

> The AIA states that "the court shall decide whether to enter a stay based on [the four enumerated factors]" whenever "a party seeks a stay of a civil action alleging infringement of a patent ... relating to a transitional proceeding for that patent." § 18(b)(1) (emphasis added). ***Since the PTO has recognized that "the proceedings begin with the filing of a petition," the court finds that the relevant stay provisions apply when the petition is first filed***. Office Patent Trial Practice Guide, 77 Fed. Reg. 48,757 (Aug. 14, 2012).

*Market-Alerts Pty. v. Bloomberg Fin. L.P.*, 922 F. Supp. 2d 486, 497 n.5 (D. Del. 2013) (emphasis added).[3] Indeed, ***every*** substantive decision on a motion to stay litigation due to the ***filing of a petition*** for CBM review has applied the four-factor test set forth in Section 18(b)(1).[4] In each of these orders, the district court

---

[3] *See buySAFE, Inc. v. Google, Inc.*, No. 3:12-cv-781, 2014 WL 2714137, at *2-3 (E.D. Va. June 16, 2014) (granting stay prior to institution of CBM review trial because "regardless of whether PTAB grants the Petition and a CBM Review is ultimately conducted, this Court must apply the AIA § 18(b)(1) factors to determine if a stay is appropriate ***at the time the Petition is first filed***" (emphasis added)); *Versata Software, Inc. v. Volusion, Inc.*, No. 12-cv-893, 2013 WL 6912688, at *2 (W.D. Tex. June 20, 2013) ("[T]he statute further authorizes district courts to stay civil proceedings ***once a party has petitioned the PTAB for review under the CBM Program***. AIA § 18(b)." (emphasis added)); *GT Nexus, Inc. v. Inttra, Inc*., No. 11-cv-02145, 2014 WL 3373088, at *2 (N.D. Cal. July 9, 2014) (denying motion to lift stay: "The statutory stay analysis under the AIA is triggered ***upon the filing of a petition for CBM review, not upon the granting of a petition for CBM review*** by the PTAB." (emphasis added)).

[4] *See, e.g.*, *Capital Dynamics AG v. Cambridge Assocs.*, No. 13-cv-7766, 2014 WL 1694710, at *1-2 (S.D.N.Y. Apr. 1, 2014) (granting stay prior to the PTO instituting CBM review and applying four-factor test of Section 18(b)(1)); *Intertainer, Inc. v. Hulu, LLC*, No. 13-cv-5499, 2014 WL 466034, at *1-2 (C.D. Cal. Jan. 24, 2014) (same); *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-cv-1292, 2013 WL 2457284, at *1-4 (W.D. Pa. June 6, 2013) (same); *In re Ameranth Patent Litig. Cases*, No. 11-cv-1810, 2013 WL 7144380, at *1-3 (S.D. Cal. Nov. 26, 2013) (same); *Credit Acceptance Corp. v. Westlake Servs., LLC*, No. 13-cv-01523, ECF Dkt. No. 67, at *3-8 (C.D. Cal. Dec. 30, 2013) (same); *AutoAlert Inc. v. DealerSocket, Inc.*, No. 13-cv-00657, ECF Dkt. No. 190, at *3-9 (C.D. Cal. July 18, 2014) (same); *Landmark Tech., LLC v. iRobot Corp.*, No. 6:13-cv-411, 2014 WL 486836, at *2 (E.D. Tex. Jan. 24, 2014) (same); *Xilidev, Inc. v. Boku, Inc.*, No. 13-cv-2793, 2014 WL 3353256, at *1 (S.D. Cal. July 1, 2014) (same, and stating the AIA "requires the court" to consider the factors of Section 18(b)(1)); *Athenahealth, Inc. v. Carecloud Corp*., No. 13-cv-10794, 2014 WL 3566068, at *1-2 (D. Mass. July 17, 2014) (staying litigation except as to claim construction prior to institution of CBM review, stating the court "must consider" the four

necessarily interpreted the term "proceeding" in Section 18(b)(1) as encompassing petitions for CBM review because the four factors in the statute apply only to stay requests "relating to a [CBM review] ***proceeding***."

***Second***, IV's motion to dismiss cannot be squared with the clear grant in Section 18(b)(2) for this Court to hear interlocutory appeals arising from orders to stay litigation "***relating*** to a [CBM review] proceeding." *See* AIA § 18(b)(1) (emphasis added). Even if a CBM review "proceeding" could be construed as beginning only after the PTO has instituted a trial, a pending petition for CBM review certainly ***relates*** to an instituted CBM review trial—indeed, it is a condition precedent. Similarly, the grant or denial of a stay motion predicated on a petition for CBM review ***relates*** to a yet-to-be-instituted CBM review trial. Congress's use of the broad term "relating" cannot be ignored; it broadly allows for immediate interlocutory appeals of orders beyond those simply based on instituted CBM review. *See, e.g., Jay v. Boyd*, 351 U.S. 345, 357 (1956) ("we must adopt the plain meaning of a statute"); *Van Wersch v. Department of Health & Human Servs.*, 197 F.3d 1144, 1148 (Fed. Cir. 1999) ("If the language is clear, the plain meaning of

---

factors of Section 18(b)(1)); *Zillow, Inc. v. Trulia, Inc.*, 12-cv-1549, 2013 WL 5530573, at *4-8 (W.D. Wash. Oct. 7, 2013) (granting stay where CBM review had yet to be instituted and IPR of the same patent had been instituted, applying the four factor test of Section 18(b)(1)). Some decisions do not identify the standard that was applied (e.g., docket entry orders).

the statute will be regarded as conclusive.”). As a result, the “relating” language in Section 18(b) separately confirms that this Court has jurisdiction over this appeal.

***Third***, the legislative history of Section 18(b)(1) is consistent with this clear statutory language. Senators Schumer and Kyl—the key proponents of what became Section 18(b)—both stated that Section 18(b)(1) codified the rationale of *Broadcast Innovation, L.L.C. v. Charter Commc’n Inc.*, No. 03-cv-2223, 2006 WL 1897165 (D. Colo. July 11, 2006). *See* 157 Cong. Rec. at S1364 (statement of Sen. Schumer); *Id.* at S1380 (statement of Sen. Kyl). That decision granted a stay of litigation based on the filing of a petition for reexamination of the asserted patent; the PTO had not yet granted review. *See Broadcast Innovation*, 2006 WL 1897165, at *8 n.8. Thus, Section 18(b)(1) is modeled on a case that granted a litigation stay based on a then-pending petition for review.

***Finally***, as a policy matter, this Court should allow interlocutory appeals arising from stay decisions based on the filing of a CBM review petition, even where the PTO has yet to act on the petition. The purpose of Section 18(b)(2) is to ensure that district courts consistently apply Section 18(b)(1). *See* 157 Cong. Rec. at S1364 (statement of Sen. Schumer). That purpose would be undermined by IV’s incorrect statutory construction, which would wrongly deprive this Court of jurisdiction to review the many stay motion rulings that district courts (including the district court in this case) have issued based on the filing of a petition for CBM

review. *See NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 511 (1979) (the judiciary's "proper role in construing statute . . . is to interpret them as to give effect to congressional intention.").

Members of many business sectors, including financial services, merchants, and technology, would be significantly impacted by IV's proposed undermining of Section 18(b)(2). These entities are often sued for patent infringement based on invalid business method patents—the very problem that Congress intended to remedy by enacting CBM review. Eliminating the statutory right to seek immediate appellate review of an order denying a litigation stay where a petition for CBM review has been filed will force these financial companies to fight on two fronts, despite Congress's express goal to alleviate that precise burden. *See* 157 Cong. Rec. at S1364 (stating that it is "unacceptable" for infringement defendants to have to "fight in two fora at the same time.").

Nor will any harm result if the Court interprets a Section 18(b)(1) "proceeding" as covering the filing of a CBM petition—as the multiple district courts identified above have already held. *See supra* at nn.3, 4. If a district court grants a stay of litigation based on a petition for CBM review that is later denied, the stay will be relatively short because the PTO is statutorily required to act on a petition for CBM review within six months from the date a petition is filed. *See*

AIA § 18(a)(1); 35 U.S.C. §§ 323, 324.[5] Conversely, requiring a defendant to delay its stay request under Section 18(b)(1) until after the institution of CBM review will unnecessarily waste many months of valuable party and judicial resources in cases where the PTO later decides to grant the petition and institute CBM review.

## CONCLUSION

Section 18(b)(1) applies to orders to stay litigation "relating to a [CBM review] proceeding," which includes orders predicated on petitions for CBM review. Section 18(b)(2) allows for immediate interlocutory appeals from orders made pursuant to Section 18(b)(1). Thus, Section 18(b) allows for immediate interlocutory appeal of an order to stay litigation predicated on a petition for CBM review. As such, this Court has jurisdiction to hear the present appeal and should deny IV's pending motion to dismiss.

---

[5] Confirming that the Court has jurisdiction in this case will not result in a flood of appeals. Despite the more than 40 district court orders on contested motions to stay litigation applying Section 18(b)(1), only a half-dozen litigants have appealed. Thus, parties are invoking Section 18(b)(2) only when an order raises a considerable question. Indeed, this Court's only decision on the merits of Section 18(b)(1) reversed a district court and ordered a stay. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2014-1232, 2014 WL 3360806, at *18 (Fed. Cir. 2014).

Dated: September 15, 2014

Respectfully submitted,

/s/ James L. Quarles III

JAMES L. QUARLES III
GREGORY H. LANTIER
ROBERT A. ARCAMONA
WILMER CUTLER PICKERING
HALE AND DORR LLP
1875 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 663-6000

RICHARD W. O'NEILL
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

*Counsel for Amicus Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2014, I electronically filed the foregoing with the Clerk of Court and caused a copy to be served on counsel of record using the CM/ECF System.

/s/ James L. Quarles III
JAMES L. QUARLES III

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief amicus curiae is less than one-half the maximum length authorized for a party's principal motion under the Federal Circuit Rules and Federal Rules of Appellate Procedure. *See* Fed. R. App. Proc. 29(d).

/s/ James L. Quarles III
James L. Quarles III