Nos. 16-1126, -1142

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

ANGIOSCORE, INC.,

Plaintiff-Appellee,

v.

TRIREME MEDICAL, LLC, EITAN KONSTANTINO,
QUATTRO VASCULAR PTE LTD., and QT VASCULAR LTD,

Defendants-Appellants.

Appeals from the U.S. District Court for the Northern District of California
in case no. 12-CV-03393-YGR, Judge Yvonne Gonzalez Rogers

**UNOPPOSED EMERGENCY MOTION
TO EXPEDITE PROCEEDINGS ON APPEAL**

Robert P. Feldman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

Peter J. Armenio
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorneys for Plaintiff-Appellee AngioScore, Inc.*

January 12, 2016

Plaintiff-Appellee AngioScore, Inc. ("AngioScore") respectfully submits this unopposed motion to expedite proceedings in these consolidated appeals. Specifically, AngioScore requests, with the agreement of Defendants-Appellants TriReme Medical, LLC ("TriReme"), Quattro Vascular Pte Ltd. ("Quattro"), QT Vascular Ltd. ("QT Vascular," and, together with TriReme and Quattro, "Corporate Defendants"), and Eitan Konstantino ("Konstantino," and, together with the Corporate Defendants, "Defendants"), that the Court schedule proceedings as follows:

Defendants-Appellants' Opening Briefs Due:   February 16, 2016

AngioScore's Answering Brief Due:            March 28, 2016

Defendants-Appellants' Reply Briefs Due:     April 14, 2016

Oral Argument:                               Next available argument sitting.

In support of this motion, AngioScore states as follows:

1.    These consolidated appeals arise from a dispute between manufacturers of specialty angioplasty balloon catheters used to treat cardiovascular disease. Konstantino co-founded AngioScore and served on its Board of Directors until February 2010. After co-founding AngioScore, Konstantino co-founded TriReme. AngioScore filed this action in the U.S. District Court for the Northern District of California in June 2012, alleging that TriReme's "Chocolate" balloon-catheter device infringed AngioScore's patents. AngioScore

thereafter amended its complaint to assert tort claims for (*inter alia*) breach of fiduciary duty and unfair competition.

2.    The district court (Gonzalez Rogers, J.) bifurcated proceedings, holding a bench trial on AngioScore's state-law claims and then a jury trial on the patent claim.  Following the bench trial, the court entered its Findings of Fact and Conclusions of Law on July 1, 2015, ruling that Konstantino had breached his fiduciary duties to AngioScore; that TriReme and Quattro had aided and abetted Konstantino's breach; and that QT Vascular is liable as TriReme's and Quattro's successor-in-interest.  The court awarded AngioScore approximately $20 million in lost profits, and ordered Konstantino to disgorge particular assets that the court found to constitute benefits obtained from his breach.  After the jury trial of the patent claim, the district court entered final judgment on October 14, 2015.

3.    On October 26, 2015, before noticing an appeal, Corporate Defendants moved in this Court to stay enforcement of the district court's judgment pending appeal, without posting a supersedeas bond.  16-1126 ECF 3-1.[1] Konstantino filed a similar motion on October 28, 2015.  16-1142 ECF 2-1.  This Court (Dyk, J.) treated the motions as notices of appeal, consolidated the cases, and entered a temporary stay pending resolution of the motions.  16-1126 ECF 4, 5.

---

[1]    References to this Court's docket entries in these consolidated appeals are denoted "16-1126 ECF __" or "16-1142 ECF __," as appropriate.

4.    On November 12, 2015, while the motions to stay enforcement remained pending in this Court, Konstantino moved in the district court to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).

5.    On November 25, 2015, this Court (Dyk, J., joined by Lourie and Hughes, JJ.) granted Defendants' motions to stay execution pending their appeals, without requiring a supersedeas bond.  16-1126 ECF 33.  The stay is subject to Corporate Defendants' promise to "refrain from transferring assets out of the United States except as required in the ordinary course of [their] existing business," and QT Vascular's promise to "post a supersedeas bond upon a major sale of operational assets or a change in control."  *Id.* at 2.

6.    In light of Konstantino's pending Rule 59(e) motion, this Court "deactivated" the briefing schedule, but stated that upon disposition of that motion, it "will entertain a motion to expedite briefing in this matter."  *Id.*

7.    The district court denied Konstantino's Rule 59(e) motion on January 7, 2016.  *See* 16-1126 ECF 37, 38.

8.    Expedited treatment of these appeals is warranted since "the normal briefing and disposition schedule may adversely affect one of the parties."[2] Specifically, because the judgment is not secured (either by a supersedeas bond or

---

[2]    Fed. Cir. Practice Notes Concerning Expedited Appeals (Nov. 20, 2014), http://www.cafc.uscourts.gov/sites/default/files/rules-of-practice/notices/ new%20fedcir%20practice%20notes%20expedited%20appeals.pdf.

otherwise), delayed resolution of the appeals creates risk that AngioScore may not be able to obtain satisfaction of its judgment upon affirmance. The proposed expedited schedule will mitigate this risk by limiting the time during which AngioScore is unable to enforce its judgment. *See, e.g.*, *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 799 (7th Cir. 1986) (accelerated schedule is appropriate "to minimize the period of jeopardy" for collection of plaintiff's unsecured judgment).

9.     Expedited treatment is also appropriate to make up for the substantial delay in resolving these appeals caused by Konstantino's Rule 59(e) motion, which resulted in deactivation of this Court's previously established briefing schedule (under which Defendants' opening briefs would have been due January 14, 2016, *see* 16-1126 ECF 24, 32).

## CONCLUSION

The Court should direct that Defendants-Appellants' Opening Briefs are due February 16, 2016; that AngioScore's Answering Brief is due March 28, 2016; and that Defendants-Appellants' Reply Briefs are due April 14, 2016. Further, the Court should set oral argument for the next available argument sitting.

## STATEMENT REGARDING CONSENT

Counsel for AngioScore has discussed this motion with counsel for Defendants. Defendants consent to the requested relief, and will not file responses.

Dated: January 12, 2016

Robert P. Feldman
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile:  (650) 801-5100

Respectfully submitted,

By: /s/ William B. Adams
    Peter J. Armenio
    William B. Adams
    QUINN EMANUEL URQUHART
      & SULLIVAN, LLP
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100

*Attorneys for Plaintiff-Appellee AngioScore, Inc.*

## CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee certifies the following:

**1.     The full name of every party or amicus represented by me is:**

AngioScore, Inc.

**2.     The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

Not applicable.

**3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

AngioScore, Inc. is a wholly owned subsidiary of The Spectranetics Corporation. No publicly held corporation owns 10% or more of The Spectranetics Corporation's stock.

**4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

Quinn Emanuel Urquhart & Sullivan, LLP:   Kathleen M. Sullivan, Peter J. Armenio, William B. Adams, Robert P. Feldman, Diane M. Doolittle, Margret M. Caruso, Rachel M. Kassabian, Diem-Suong T. Nguyen, Matthew D. Robson, Laura L. Fairneny, Claire Disston Hausman, Kimball D. Parker (no longer with the firm),

Sky Adams, Catherine Saad, Meredith M. Shaw, Margaret H. Shyr, Jennifer J. Matystik (no longer with the firm), Nathan N. Sun, Rebecca A. Bers (no longer with the firm)

<u>Sheppard, Mullin, Richter & Hamilton LLP:</u>  James W. Geriak, Andre De La Cruz, Steven M. Hanle (no longer with the firm)

<u>Farber LLC:</u>  Mark Farber

<u>Dickstein Shapiro LLP:</u>  Allan W. Jansen (no longer with the firm), Charles A. Kertell (no longer with the firm), Ehab M. Samuel (no longer with the firm)

Dated: January 12, 2016

Respectfully submitted,

By: /s/ William B. Adams
William B. Adams
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

*Attorney for Plaintiff-Appellee*

## **PROOF OF SERVICE**

The undersigned hereby certifies that on January 12, 2016, I electronically filed the foregoing UNOPPOSED EMERGENCY MOTION TO EXPEDITE PROCEEDINGS ON APPEAL with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ William B. Adams
William B. Adams