# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Kenneth R. Adamo
To Call Writer Directly:
(312) 862-2671
kenneth.adamo@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

November 21, 2014

**Via ECF**

Daniel E. O'Toole
Circuit Executive and Clerk of Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

Re: *Intellectual Ventures II LLC v. JPMorgan Chase & Co.*, **No. 14-1724**

Dear Admiral O'Toole:

Pursuant to F.R.A.P. 28(j), Appellants ("JPMC") respectfully direct the Court's attention to *Versata Software, Inc. v. Callidus Software, Inc.*, No. 2014-1468 (Fed. Cir. Nov. 20, 2014).

In *Versata*, the Court reversed the district court's denial of stay with directions to enter a stay, and concluded that the district court erroneously assessed all four of the stay factors. *Versata* is relevant in at least the following respects.

First, *Versata* rejects IV's argument (pp. 31-32), relied on by the district court (A5), that the first and fourth stay factors (simplification of the issues and reduced burden of litigation) necessarily weigh against a stay if fewer than all claims and patents in a case are subject to CBM petitions. *Versata* at 5-8; *id.* at 6 & n.6 ("[T]here can still be a simplification of the issues when only some, but not all, of the claims asserted in litigation are challenged in a CBM review … By its very nature, the CBM process will always simplify some issues."); *id.* at 14 (same reasons apply to fourth factor).

Second, consistent with JPMC's briefs (*Opening Br.* 25; *Reply* §C) and contrary to IV's (pp. 33-34), *Versata* holds that the relevant time for assessing the progress of district court litigation under the second stay factor is when the stay motion is filed, not when the district court rules on it. *Versata* at 9 (The district court "appeared to evaluate the stage of litigation at the time of its decision … This was error. … [G]enerally the time of *filing* the motion will be the relevant stage at which to measure this factor.") (original emphasis). While the court should consider subsequent developments at the Patent Office, *Versata* at 7, delay between the stay motion and the decision is not relevant.

## KIRKLAND & ELLIS LLP

Daniel E. O'Toole
November 21, 2014
Page 2


      Finally, *Versata* seems inconsistent with IV's jurisdictional argument. The Court reversed a stay denial based on CBM petitions that had not yet been instituted at the time of the district court's decision, something that would have been impossible if, as IV argues, the Court lacks jurisdiction over stay motions unless and until the CBM is instituted.

                                      Sincerely,

                                        */s/ Kenneth R. Adamo*

                                        Kenneth R. Adamo
                                        *Counsel for Appellants*