# 2013-1564

# United States Court of Appeals for the Federal Circuit

**SCA HYGIENE PRODUCTS AKTIEBOLAG
and PERSONAL CARE, INC.,**

*Plaintiffs-Appellants,*

v.

**FIRST QUALITY BABY PRODUCTS, LLC,
FIRST QUALITY HYGIENIC, INC., FIRST QUALITY PRODUCTS, INC.,
and FIRST QUALITY RETAIL SERVICES, LLC,**

*Defendants-Appellees.*

*Appeal from the United States District Court for the Western District of Kentucky in Case No. 10-CV-0122, Chief Judge Joseph H. McKinley, Jr.*

**MOTION BY THE TORO COMPANY FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANTS' PETITION FOR REHEARING EN BANC**

J. Derek Vandenburgh
Joseph W. Winkels
CARLSON, CASPERS, VANDENBURGH,
LIDNQUIST & SCHUMAN, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 436-9600
*Attorneys for Amicus Curiae
The Toro Company*

# **CERTIFICATE OF INTEREST**

Counsel for The Toro Company certifies the following:

1. The full name of every party or amicus represented by me is:

   The Toro Company

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   The party named above in (1) is the real party in interest.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party represented by me are:

   The Toro Company, a publicly traded company, has no parent corporation and no publicly held corporation owns 10% or more of its stock.

4. The names of all law firms and the partners or associates that appeared for the party now represented by me in the trial court or agency or are expected to appear in this Court are:

   J. Derek Vandenburgh
   Joseph W. Winkels
   CARLSON CASPERS VANDENBURGH,
   LINDQUIST & SCHUMAN P.A
   225 South Sixth Street, Suite 4200
   Minneapolis, Minnesota  55402

*s/ J. Derek Vandenburgh*
J. Derek Vandenburgh

## MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

Pursuant to Federal Circuit Rule 35(g) The Toro Company ("Toro") hereby moves this Court for leave to file the accompanying brief amicus curiae in support of the Plaintiffs-Appellants' Petition for Rehearing En Banc.

**Interest Of Amicus Curiae.** Amicus Curiae Toro seeks to file a brief in support of rehearing en banc because it, like other prominent patent holders and manufacturing companies, desires clarity on the existence and scope of the equitable defense of laches in patent cases, which has been called into question by the Supreme Court's decision in Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962 (2014). Toro's interest is based in part on the fact that it regularly has active patent litigation. Toro's interest is further based in part on the fact that one of its subsidiaries is currently a plaintiff in patent litigation where laches has been raised as a defense by the defendants.

Toro moves to file the Brief of Amicus Curiae tendered to the Court by ECF commensurate with this motion to emphasize to the Court that U.S. patent litigants, such as Toro and its subsidiary, believe this Court should provide guidance as to the ongoing viability of its prior decision in A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020 (Fed. Cir. 1992) (en banc) in view of the Supreme Court's decision in Petrella.

**Reasons Why The Brief Of Amicus Curiae Is Desirable And Matters Asserted Are Relevant.** Plaintiffs-Appellants' Petition for Rehearing En Banc focuses primarily on the merits of the matter, both from the standpoint of the potential impact Petrella has on Aukerman as well as the merits of the specific case on appeal. In contrast, Toro's Brief Amicus Curiae focuses on educating the Court regarding the need to address the uncertainty that has been created in the legal community because of lack of clarity regarding Petrella's effect on Aukerman.

Thus, Toro respectfully submits that the attached Brief of Amicus Curiae is desirable and relevant to Plaintiffs-Appellants' Petition for Rehearing En Banc, see Fed. R. App. P. 29(b)(2), because it identifies three important points not previously presented that should be considered by this Court in deciding whether to grant Plaintiffs-Appellants' Petition for Rehearing En Banc: (1) this Court has and will continue to be faced with the question of what impact the Supreme Court's Petrella decision has on this Court's prior decision in Aukerman; (2) district courts are grappling with this question themselves; and (3) the patent legal community is actively debating this issue and ultimately U.S. patent litigants, such as Amicus Curiae, are looking for guidance from this Court.

For the foregoing reasons, Toro respectfully requests that the Court grant this motion for leave to file the accompanying brief as Amicus Curiae.

                        Respectfully submitted,

Dated:  October 29, 2014        *s/ J. Derek Vandenburgh*
                                      J. Derek Vandenburgh
                                      Joseph W. Winkels
                                      CARLSON, CASPERS, VANDENBURGH,
                                        LINDQUIST & SCHUMAN, P.A.
                                      225 South Sixth Street, Suite 4200
                                      Minneapolis, MN  55402
                                      (612) 436-9600
                                      dvandenburgh@carlsoncaspers.com
                                      jwinkels@carlsoncaspers.com

                                      *Attorneys for Amicus Curiae*
                                      *The Toro Company*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of October, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on all counsel of record via electronic delivery through the Court's CM/ECF system.

s/ *J. Derek Vandenburgh*  
J. Derek Vandenburgh