# United States Court of Appeals
# for the Federal Circuit

———————————

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellant*

**v.**

**PULSE ELECTRONICS, INC., PULSE
ELECTRONICS CORPORATION,**
*Defendants-Cross Appellants*

———————————

2013-1472, 2013-1656

———————————

Appeals from the United States District Court for the District of Nevada in No. 07-CV-0331, Judge Philip M. Pro.

———————————

## ON PETITIONS FOR PANEL REHEARING AND REHEARING EN BANC

———————————

CRAIG E. COUNTRYMAN, Fish & Richardson P.C., San Diego, CA, filed a petition for rehearing en banc for plaintiff-appellant. With him on the petition were MICHAEL J. KANE and WILLIAM R. WOODFORD, Minneapolis, MN.

MARK L. HOGGE, Dentons US LLP, Washington, DC, filed a combined petition for panel rehearing and rehearing en banc for defendants-cross appellants. With him on the petition were SHAILENDRA K. MAHESHWARI, CHARLES R. BRUTON, and RAJESH C. NORONHA.

JOHN D. HAYNES, Alston & Bird LLP, Atlanta, GA, for amici curiae Nokia Corporation and Nokia USA Inc. With him on the brief was PATRICK J. FLINN.

ANDREW S. BALUCH, Foley & Lardner LLP, Washington, DC, for amicus curiae Louis J. Foreman. With him on the brief was BRENDYN M. REINECKE, Madison, WI.

———————————

Before PROST, *Chief Judge*, NEWMAN, LOURIE, DYK, MOORE, O'MALLEY, REYNA, WALLACH, TARANTO, CHEN, and HUGHES *Circuit Judges.*

TARANTO, *Circuit Judge*, with whom REYNA, *Circuit Judge*, joins, concurs in the denial of the petition for rehearing en banc.

O'MALLEY, *Circuit Judge*, with whom HUGHES, *Circuit Judge*, joins, dissents from the denial of the petition for rehearing en banc.

PER CURIAM.

## O R D E R

A petition for rehearing en banc was filed by appellant Halo Electronics, Inc., and a response thereto was invited by the court and filed by cross-appellants Pulse Electronics, Inc. and Pulse Electronics Corporation. A combined petition for panel rehearing and rehearing en banc was filed by cross-appellants Pulse Electronics, Inc. and Pulse Electronics Corporation. The petitions for rehearing and response were referred to the panel that heard the appeal, and thereafter, to the circuit judges who are authorized to request a poll of whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

HALO ELECTRONICS, INC. V. PULSE ELECTRONICS, INC.        3

    (1) The petition for panel rehearing is denied.

    (2) The petitions for rehearing en banc are denied.

    (3) The mandate of the court will issue on March 30, 2015.

FOR THE COURT

March 23, 2015
    Date

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

# United States Court of Appeals for the Federal Circuit

---

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellant*

**v.**

**PULSE ELECTRONICS, INC., PULSE ELECTRONICS CORPORATION,**
*Defendants-Cross Appellants*

---

2013-1472, 2013-1656

---

Appeals from the United States District Court for the District of Nevada in No. 07-CV-0331, Judge Philip M. Pro.

---

TARANTO, *Circuit Judge*, with whom REYNA, *Circuit Judge*, joins, concurring in the denial of rehearing en banc.

I agree that we should deny the petition for en banc review in this case. Halo raises only one question about the enhanced-damages provision of the Patent Act, 35 U.S.C. § 284, and I do not think that further review of that question is warranted. But it seems to me worth briefly noting the range of distinct, but related, questions that others have raised about § 284, if only to clarify what is not at issue here. Whether such questions warrant en banc review will have to be determined in other cases.

Section 284 is close to content free in what it expressly says about enhanced damages: if damages have been found by a jury or assessed by the court, "the court may increase the damages up to three times the amount found or assessed."  During the extended process leading to the enactment of the America Invents Act, Pub. L. No. 112–29, 125 Stat. 284 (2011), Congress was aware of our en banc decision in *In re Seagate*, 497 F.3d 1360 (Fed. Cir. 2007), and considered writing into the text standards that bear strong similarities to those articulated in *Seagate*. *See, e.g.*, S. 23, 112th Cong. (Jan.  25, 2011); S. Rep. No. 111-18, at 10–13 (2009); S. 515, 111th Cong. (Apr. 2, 2009); 155 Cong. Rec. 6,278–79 (2009); S. Rep. No. 110-259, at 14–16 & n.66 (2008) (discussing *Seagate*).  But Congress chose neither to follow that course nor to repudiate *Seagate*; it chose not to amend § 284 at all.  *See* 157 Cong. Rec. 3,418–20 (2011) (removing proposed changes to § 284).  Congress did add 35 U.S.C. § 298 to the statute to prescribe an evidentiary rule about proving that an infringer has "willfully infringed," which is a standard that is not expressly recited in § 284 (or anywhere else in the Patent Act) but that has long been held to be central to—indeed, a necessary condition for—the enhancement of damages.  Section 284, however, continues to lack language prescribing substantive or procedural standards for the enhancement of damages.

Questions are now being raised about reconsidering virtually every aspect of enhancement, including whether to overrule or modify standards articulated by the en banc court in *Seagate*.  To begin with, there are fundamental questions about the substantive standards.  One is whether willfulness should remain a necessary condition for enhancement under § 284's "may" language: Should that "'well-settled'" requirement, *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 923 F.2d 1576, 1578 (Fed. Cir. 1991) (internal citation omitted); *see Seagate*, 497 F.3d at 1368, now be relaxed to allow en-

hancement of damages even where the infringement is not willful?[1]

Separately, if willfulness is to remain necessary, or even if not, what are the proper standards for finding willfulness?  *Seagate*'s two-part formulation has one component requiring an objective determination of risk ("an objectively high likelihood that [the accused infringer's] actions constituted infringement of a valid patent") and a second component that can be satisfied by either a subjective or objective determination ("either known or so obvious it should have been known").  *Seagate*, 497 F.3d at 1371.  That formulation is based on the Supreme Court's explication of "willfulness" in *Safeco Insurance Co of America v. Burr*, 551 U.S. 47 (2007).  *See id.* at 57 (willfulness in civil-liability context covers both knowing and reckless violations; relying on treatise's observation that "willful," "wanton," and "reckless" " 'have been treated as meaning the same thing, or at least as coming out at the same legal exit' "); *id.* at 69–70 ("recklessness" refers

---

[1]    Discretion conferred by "may" language "is rarely without limits," including necessary conditions for the action authorized—with the content of such conditions determined by the particular statutory context.  *Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 758 (1989); *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  Reflecting § 284's "may" language, our precedents hold that willfulness is necessary for, but does not compel, enhancement.  When infringement is willful, the district court may or may not award an enhancement, exercising discretion based on various considerations.  *See Seagate*, 497 F.3d at 1368; *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 826 (Fed. Cir. 1992) ("An award of enhanced damages for infringement, as well as the extent of the enhancement, is committed to the discretion of the trial court.").

to "conduct violating an objective standard: action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known'") (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)); *id.* at 70 (no unjustifiably high risk where position "was not objectively unreasonable"); *id.* at 70 n.20 (rejecting contention "that evidence of subjective bad faith can support a willfulness finding even when the [defendant's] reading of the statute is objectively reasonable"). Should the standard remain the *Seagate* standard? Or should it be something new?

Other questions arise in applying § 284, even taking as a given the necessity of a willfulness determination, such as who makes which decisions and what standards of proof and review should govern those decisions. Should a judge or jury decide willfulness, in full or in part? Should willfulness (or, rather, its factual predicates) have to be proved by clear and convincing evidence, *see Seagate*, 497 F.3d at 1371, or by a preponderance of the evidence, *cf. Fishman Transducers, Inc. v. Paul*, 684 F.3d 187, 193 (1st Cir. 2012) (adopting preponderance standard for willful violations of the Lanham Act under that statute's provision for enhanced damages)?

Finally, there is the question of appellate review, which is not addressed in our en banc *Seagate* decision. Most significantly, for determinations as to willfulness in particular, what standards govern appellate review? Is there a legal component reviewable de novo and a factual component reviewable deferentially (for clear error if by the judge, for substantial evidence if by the jury)? *See Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1006–08 (Fed. Cir. 2012). Does the answer change if an "abuse of discretion" standard governs our review? *See Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 n.2 (2014) ("'A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a

clearly erroneous assessment of the evidence.'") (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). And what is the effect on review of willfulness determinations under § 284 of the Supreme Court's recent holding in *Highmark* that attorney's-fees decisions under § 285's "exceptional case" standard are reviewed for an abuse of discretion?

In the present case, Halo raises no questions about the necessity of a willfulness finding for enhancement under § 284, about the decision-maker or burden of persuasion in the trial court, or about the standard of review in the appellate court. Notably, adoption of a more deferential standard of review, without any change in substantive or other standards, could not help Halo: The district court in this case rejected willfulness. *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, No. 2:07-CV-00331, 2013 WL 2319145, at *14–16 (D. Nev. May 28, 2013).

The only enhancement-related question that Halo presents for en banc review is whether the objective reasonableness of Pulse's invalidity position must be judged only on the basis of Pulse's beliefs before the infringement took place. But in my view, Halo has not demonstrated the general importance of that question or that the panel's assessment of objective reasonableness is inconsistent with any applicable precedents or produces confusion calling for en banc review. *See* Fed. R. App. P. 35(a). Indeed, the panel's approach to objective reasonableness—as negating the objectively high risk of harm (here, infringement) needed for willfulness—is strongly supported by *Seagate* and by the Supreme Court's authoritative *Safeco* decision addressing the meaning of "willfulness" in non-criminal contexts. And that conclusion is not affected by *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), which does not address the term "willful" at all.

6          HALO ELECTRONICS, INC. v. PULSE ELECTRONICS, INC.

Those are sufficient reasons to deny further review here.  Doubtless we will receive various requests for en banc review of some or all of the many possible § 284 questions in other cases.  The standard for granting en banc review is necessarily a demanding one.  We must apply the standard to particular issues in particular cases.  Unlike Congress, we may not convene to clean the slate and write a set of rules that answer the host of questions about which § 284 is, at present, silent.

# United States Court of Appeals
# for the Federal Circuit

---

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellant*

**v.**

**PULSE ELECTRONICS, INC., PULSE
ELECTRONICS CORPORATION,**
*Defendants-Cross Appellants*

---

2013-1472, 2013-1656

---

Appeals from the United States District Court for the District of Nevada in No. 07-CV-0331, Judge Philip M. Pro.

---

O'MALLEY, *Circuit Judge*, with whom HUGHES, *Circuit Judge*, joins, dissenting from the denial of the petition for rehearing en banc.

For the reasons detailed in my concurrence at the panel stage—*Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 769 F.3d 1371, 1383–86 (Fed. Cir. 2014) (O'Malley, J., concurring)—and reiterated here, I believe the full court should hear this case en banc to reevaluate our jurisprudence governing an award of enhanced damages under 35 U.S.C. § 284. Accordingly, I dissent from the court's refusal to consider this matter en banc.

Our current two-prong, objective/subjective test for willful infringement, set out in *In re Seagate Technology, LLC*, 497 F.3d 1360 (Fed. Cir. 2007) (en banc) and further explained in *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, Inc., 682 F.3d 1003, 1007 (Fed. Cir. 2012), is analogous to the test this court proscribed for the award of attorneys' fees under § 285 in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378, 1381–82 (Fed. Cir. 2005), *overruled by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1757–58 (2014). The parallel between our tests for these two issues is not surprising. Both enhanced damages and attorneys' fees are authorized under similar provisions in title 35 of the United States Code (the Patent Act of 1952). *Compare* 35 U.S.C. § 284 ("[T]he court may increase the damages up to three times the amount found or assessed.") *with* 35 U.S.C. § 285 ("The court in exceptional cases may award reasonable attorney fees to the prevailing party."). And, although § 284 does not limit enhanced damages to "exceptional cases" as does § 285 for attorneys' fees, the Supreme Court has explained that increased damages are only available "in a case of willful or bad-faith infringement." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 508 (1964).[1]

As such, our jurisprudence governing the award of enhanced damages under § 284 has closely mirrored our jurisprudence governing the award of attorneys' fees under § 285. *See, e.g.*, *Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs.*, Inc., 682 F.3d 1003, 1007 (Fed. Cir.

---

[1]    The Supreme Court has also explained that willfulness includes circumstances that qualify as recklessness—defined as a "high risk of harm, objectively assessed." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 70 (2007).

2012) ("Our holding is consistent with similar holdings in other parallel areas of law.  Our precedent regarding objectively baseless claims, which allow courts to award enhanced damages and attorneys' fees under 35 U.S.C. § 285, and the Supreme Court's precedent on 'sham' litigation are instructive."); *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1377 (Fed. Cir. 2011) ("The objective baselessness standard for enhanced damages and attorneys' fees against a non-prevailing plaintiff under *Brooks Furniture* is identical to the objective recklessness standard for enhanced damages and attorneys' fees against an accused infringer for § 284 willful infringement actions under [*Seagate*]."). Indeed, the structure for assessing willfulness set forth in *Bard* and our old § 285 *Brooks Furniture* test were both predicated on our interpretation of the Supreme Court's decision in *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.* ("*PRE*"), 508 U.S. 49 (1993), which we believed required a two-step objective/subjective inquiry before either enhanced damages or attorneys' fees could be awarded.

We have gone so far, moreover, to require that an evidentiary wall be erected between the objective and subjective portions of the inquiry.  We preclude considerations of subjective bad faith—no matter how egregious—from informing our inquiry of the objective baselessness of a claim and preclude the weakness a claim or defense from being indicative of a parties' subjective bad faith.  *See, e.g., Highmark, Inc. v. Allcare Health Mgmt. Sys., Inc.*, 687 F.3d 1300, 1315 (Fed. Cir. 2012) ("Because we conclude that Allcare's allegations of infringement of claim 52 were not objectively baseless, we need not reach the question of whether Allcare acted in subjective bad faith.") *vacated, Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014); *Old Reliable Wholesale, Inc. v. Cornell Corp.*, 635 F.3d 539, 547 n.4 (Fed. Cir. 2011) ("When making a section 285 fee award, subjective considerations of bad faith are irrelevant if the challenged

claims or defenses are not objectively baseless."); *iLOR*, 631 F.3d at 1380 ("From the statements, the district court inferred that iLOR must have known that Google did not infringe its patents. However, these statements are irrelevant to the issue of objective baselessness."). We now know that the artificial and awkward construct we had established for § 285 claims is not appropriate. We should assess whether the same is true with respect to the structure we continue to employ under § 284.

The Supreme Court has told us that our reading of *PRE* was wrong. In *Octane Fitness*, the Court explained that the *PRE* standard was crafted as a very narrow exception for "sham" litigation to avoid chilling the exercise of the First Amendment right to petition the government for redress of grievances with the threat of antitrust liability. This narrow test required that a "sham" litigation be "objectively baseless" and "brought in an attempt to thwart the competition." *Octane Fitness*, 134 S. Ct. at 1757 (citing *PRE*, 508 U.S. at 60–61). In rejecting *Brooks Furniture*'s reliance on *PRE* in the § 285 context, the Supreme Court stated that the narrow *PRE* standard "finds no roots in the text of § 285" and the chilling effect of shifting attorney's fees is not as great as the threat of antitrust liability. *Id.* at 1757–58.

Because we now know that we were reading *PRE* too broadly, and have been told to focus on the governing statutory authorization to determine what standards should govern an award of attorneys' fees, we should reconsider whether those same interpretative errors have led us astray in our application of the authority granted to district courts under § 284. Just as "the *PRE* standard finds no roots in the text of § 285," *id.*, there is nothing in the text of § 284 that justifies the use of the *PRE* narrow standard. In rejecting the rigid two-prong, subjective/objective test for § 285 under *Brooks Furniture*, moreover, the Supreme Court told us to employ a flexible totality of the circumstances test. *Id.* at 1756. And, it

has told us that it is inappropriate to artificially constrict the evidence a court may consider in exercising its discretion under § 285. *Octane Fitness*, 134 S. Ct. at 1756 ("The Federal Circuit's formulation is overly rigid."). Because § 284 also places the inquiry squarely within a trial court's discretion, we should rethink the extent to which we are authorized to impose restrictions on the manner in which that discretion is exercised, outside the normal restrictions imposed by the Federal Rules of Evidence and application of the abuse of discretion standard. We should now assess whether a flexible test similar to what we have been told to apply in the § 285 context is also appropriate for an award of enhanced damages.

The rigid structure we require for assessing willfulness is not the only part of our willfulness jurisprudence that requires our attention. In *Octane Fitness*, the Supreme Court also rejected the requirement that patent litigants establish their entitlement to attorneys' fees under § 285 by "clear and convincing evidence." *Id.* at 1758. As we used to do for attorneys' fees, we currently require patentees to prove willfulness by clear and convincing evidence. *See Seagate*, 497 F.3d at 1371. As the Supreme Court explained in *Octane Fitness*, however, the ordinary rule in civil cases, and specifically patent infringement cases, is proof by a preponderance of the evidence. *Herman & Mclean v. Huddleston*, 459 U.S. 375, 390 (1983); *see also Octane Fitness*, 134 S. Ct. at 1758 (citing *Bene v. Jeantet*, 129 U.S. 683, 688 (1889)). In fact, other courts only require proof of willfulness by a preponderance of the evidence in similar contexts. *E.g.*, *Fishman Transducers, Inc. v. Paul*, 685 F.3d 187, 193 (1st Cir. 2012) (holding that a preponderance of the evidence standard was appropriate to prove willfulness in a trademark infringement case); *Columbia Pictures Indus., Inc. v. Liberty Cable, Inc.*, 919 F. Supp. 985 (S.D.N.Y. 1996) (explaining that plaintiff must prove willful copyright infringement by a preponderance of the evidence). As

with § 285, § 284 has no statutory language that would justify a higher standard of proof; it just demands a simple discretionary inquiry and imposes no specific evidentiary burden. *See Octane Fitness*, 134 S. Ct. 1758. This court should evaluate whether there are reasons to maintain a standard that is at odds with the ordinary standard in civil cases for a finding of willfulness where nothing in the statutory text even hints that we do so. It is possible that, given the Supreme Court's guidance in *Aro* and *Safeco* regarding the type of showing necessary for a finding of willfulness, the clear and convincing evidence standard is appropriate under § 284 even though not similarly appropriate under § 285. If so, we should collectively make that determination only after careful consideration of *Octane Fitness*, however.

The Supreme Court also rejected de novo review of a fee award under § 285. *Highmark*, 134 S. Ct. at 1748. According to the Supreme Court, "whether a case is 'exceptional' under § 285 is a matter of discretion," which "is to be reviewed only for abuse of discretion." *Id.* Section 284 also leaves the issue of enhanced damages to the discretion of the court. *Compare* 35 U.S.C. § 284 ("[T]he court *may* increase the damages . . . ." (emphasis added)) *with* 35 U.S.C. § 285 ("The court in exceptional cases *may* award reasonable attorney fees to the prevailing party." (emphasis added)). Indeed, other appellate courts review similar willfulness findings with more deference. *E.g.*, *Dolman v. Agee*, 157 F.3d 708, 714–15 (9th Cir. 1998) (reviewing a finding of willful copyright infringement for clear error). As such, we must also consider whether a district court's finding of willfulness should continue to be subject to de novo review.

Finally, under the plain language of §§ 284 and 285, "the court" is the entity that decides whether the remedy is appropriate. 35 U.S.C. § 284 ("*[T]he court* may increase the damages . . . ." (emphasis added)); 35 U.S.C. § 285 ("*The court* in exceptional cases may award reasonable

attorney fees to the prevailing party." (emphasis added)). While we allowed the court to determine whether to award attorneys' fees under *Brooks Furniture*, we have long held that a willfulness determination contains issues of fact that should be submitted to a jury. *See Bard*, 682 F.3d at 1005 (holding that the objective prong under *Seagate* was ultimately a question of law for the court, but leaving the subjective prong as a question of fact for the jury); *see also Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996) ("The issue of willful infringement remains with the trier of fact."); *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 822 (Fed. Cir. 1992) ("Whether infringement is willful is a question of fact and the jury's determination as to willfulness is therefore reviewable under the substantial evidence standard." (citation omitted)). Although not directly addressed by the Supreme Court in either *Octane Fitness* or *Highmark*, when we reevaluate the proper standards for an award of enhanced damages, this court should also consider whether § 284 requires a decision on enhanced damages to be made *by the court*, rather than the jury. The mere presence of factual components in a discretionary inquiry does not remove that inquiry from the court to whom Congress reposed it. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 992 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996) ("Even within the realm of factual questions, whether a particular question must always go to a jury depends 'on whether the jury must shoulder this responsibility as necessary to preserve the substance of common law right of trial by jury.'" (quoting *Tull v. United States*, 481 U.S. 412, 417 (1987))); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401–02 (1990) (explaining that Rule 11 sanctions are to be determined by a judge even though "the Rule requires a court to consider issues rooted in factual determinations"); *Pierce v. Underwood*, 487 U.S. 552, 559 (1988) (concluding the language in the statute for awarding attorney's fees in the

8          HALO ELECTRONICS, INC. v. PULSE ELECTRONICS, INC.


Equal Access to Justice Act "emphasizes the fact that the determination is for the district court to make").

For the following reasons, I urge the full court to take this opportunity to reevaluate our § 284 jurisprudence in light of both the statutory text and the Supreme Court's recent decisions in *Highmark* and *Octane Fitness*.