**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**No. 2012-1679, 2013-1123**

MFORMATION TECHNOLOGIES, INC., and
MFORMATION SOFTWARE TECHNOLOGIES, INC.

Plaintiffs-Appellants,

v.

RESEARCH IN MOTION LIMITED and
RESEARCH IN MOTION CORPORATION,

Defendants-Appellees,

---

Appeal from the United States District Court for the Northern District of
California in Case No. 08-CV-4990, Judge Edward M. Chen

---

**MST'S OPPOSITION TO RIM'S MOTION FOR ATTORNEYS' FEES**

---

## <u>CERTIFICATE OF INTEREST</u>

2012-1679, 2013-1123

Mformation Tech., Inc. and mFormation Software Tech., Inc. v. Research In Motion Limited and Research In Motion Corp.

Counsel for Plaintiffs-Appellants certifies the following:

1.    **The full name of every party or amicus represented by me is:**

mFormation Software Technologies, Inc. (FRAP 43 Appellant)

2.    **The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

mFormation Software Technologies, Inc.

3.    **All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

mFormation Software Technologies, Inc. is a wholly-owned subsidiary of Hubspoke Holdings, Inc.

4.    **The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

Weil, Gotshal & Manges LLP – Edward R. Reines, Timothy C. Saulsbury, and Derek C. Walter

Foley & Lardner LLP – Shawn E. McDonald, Gina Ann Bibby, Allen A. Arntsen, Justin Edwin Gray, Cynthia Jo Franecki, and Lisa Marie Noller

Sheppard Mullin Richter & Hampton LLP – Graham Marc Buccigross, Nathaniel Bruno, and Rebecca Lea Hanovice

Quinn Emanuel Urquhart & Sullivan LLP – Amardeep Lal Thakur

Cooley LLP – Thomas J. Friel, Jr.

# INTRODUCTION

The Supreme Court has made clear that under 35 U.S.C. § 285, attorney's fees may only be awarded in cases that are "exceptional" – that is, cases that are "uncommon, rare, or not ordinary." *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749, 1756 (2014). Nothing about this case suggests that RIM[1] is entitled to a fees award from MST[2]. MST was the original winner in this case, securing a jury verdict of roughly $150 million. This alone strongly suggests that MST's positions were ***not*** "exceptionally weak" and that it was not unreasonable for MST to pursue an appeal.

The only aspect of MST's appeal that RIM attacks as being "exceptionally weak" is MST's position that the district court's claim construction changed post-verdict. RIM's motion completely ignores that MST advanced other arguments on appeal aside from its argument regarding changed claim constructions, and RIM does not contend that any of these other arguments on the merits are exceptional. Even if it were true that MST's positions regarding changed claim constructions were somehow "exceptionally weak," RIM cites no authority standing for the proposition that it is entitled to a fees award because it can identify a single allegedly weak argument in an appeal that was otherwise objectively reasonable. The truth is that even if MST had chosen not to argue that the district court

---

[1] Defendants-Appellees Research In Motion Ltd. and Research In Motion Corp., now BlackBerry Ltd. and BlackBerry Corp., respectively.

[2] Plaintiff-Appellant mFormation Software Technologies, Inc., successor in interest to Mformation Technologies, Inc.

changed its claim construction, the parties still would have undertaken the time and expense of litigating this appeal.

Regardless, the record on appeal and the briefs on the merits bear out MST's position that the district court improperly changed its claim construction post-verdict and establish that this view was objectively reasonable in view of both the governing case law and the facts of the case. Far from being an "unsupportable assertion," as RIM alleges, MST's position was amply supported by the language of the district court's orders and jury instructions, as well as by this Court's precedent. While MST ultimately lost on this issue, nothing in this Court's final opinion suggests that it was unreasonable or brought in bad faith.

RIM's request for attorney's fees becomes even more unwarranted when the Court considers the totality of the circumstances, including the over-the-top manner in which RIM litigated this appeal. Although RIM's central complaint is that fees are warranted because this appeal "prolonged" the litigation, RIM neglects to mention that the protracted time spent on appeal was due to RIM's overly litigious pattern of filing numerous non-meritorious procedural motions that spawned a slew of additional filings, deadlines, and supplemental briefing. If this case is exceptional at all, it is exceptional only with respect to the inordinate amount of motion practice to which RIM has subjected the parties and the Court.

For all these reasons, RIM's motion for attorney's fees should be denied.

# ARGUMENT

## I.    LEGAL STANDARD

The courts' power to award attorney's fees in patent litigation is reserved for "exceptional" cases.   35 U.S.C. § 285; *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S.Ct. 1749, 1755-56 (2014).  The Supreme Court explained that § 285 is not substantively different than its predecessor, 35 U.S.C. § 70, under which courts treated the award of fees not as "a penalty for failure to win a patent infringement suit," but rather appropriate "only in extraordinary circumstances." *Octane Fitness*, 134 S.Ct. at 1753.    Accordingly, attorney's fees under § 285 should be awarded only in a case that is uncommon, rare, or not ordinary, such that it "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id*. at 1756.  Courts determine whether a case is exceptional by considering the totality of the circumstances. *Id*.

Even in cases that are deemed exceptional, courts have discretion under § 285 to deny fee awards. *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, Nos. 2011-1521 and 2011-1636, slip op. at 6 (Fed. Cir. Aug. 26, 2014); *see also J.P. Stevens Co v. Lex Tex, Ltd.*, 822 F.2d 1047, 1050 (Fed. Cir. 1987).

3

## II.    THIS APPEAL IS NOT AN "EXCEPTIONAL" CASE THAT "STANDS OUT FROM OTHERS"

This appeal is not the type of exceptional case for which § 285 empowers courts to award attorney's fees.  RIM premises its motion on its claim that MST's position on the merits was "especially weak," but both the facts of the case and the governing law demonstrate that MST advanced arguments that were objectively reasonable even if they did not ultimately prevail.

### A.    MST HAD A REASONABLE BASIS TO ARGUE THAT THE DISTRICT COURT CHANGED ITS CLAIM CONSTRUCTION POST-VERDICT

The record in this case clearly demonstrates that MST had a reasonable basis to believe that the district court changed its claim construction, post-verdict, by adding a new claim requirement not contained in the jury charge.  Notably, although this Court ultimately ruled against MST on the merits of the appeal, this Court's opinion on the merits includes no indication that MST's positions were meritless or "especially weak," as RIM claims.  This is also consistent with the record in this case.  As MST set forth extensively in its briefs on the merits, the district court originally construed the phrase "establishing a connection between the wireless device and the server" to mean "initiating wireless communication between a wireless device and the server."  JA88.  The district court also found that claim 1 required the "establishing a connection" step to take place before the step

of "transmitting the contents of the mailbox from the server to the wireless device." JA89.

Consistent with the pre-trial claim construction, the district court's Opening Instructions to the jury stated only that the claim limitation "establishing a connection between the wireless device and the server" required *initiating* a communication, not its completion, before the step of "transmitting the content of the mailbox":

> The phrase "establishing a connection between the wireless device and the server" means "initiating wireless communication between a wireless device and the server." The "establishing a connection" sub-step must be completed before the "transmitting the content of the mailbox" sub-step can commence.

JA17258 at n.6. The district court's Opening Instruction regarding the claim limitation "wherein the connection is established based on a threshold condition" did not include any temporal requirement:

> The phrase "wherein the connection is established based on a threshold condition" means "establishing a connection between the wireless device and the server based on a predefined state of the server or the wireless device other than solely the elapsing of time."

*Id*. at n.8. Thus, it was objectively reasonable to understand the district court's Opening Instructions, which were consistent with the pre-trial claim construction order, to mean that the "establishing a connection" step was met as long as the

5

communication between device and server was initiated prior to the "transmitting" step.

The district court's Closing Instructions further explained that the "wherein" limitation "means that a connection must not only be initiated, but must be made by the server with the wireless device," but never specified that that the "wherein" limitation had to be performed at a particular point in the claimed process:

> There is a further limitation on this substep later in Claim 1. The last limitation of Claim 1 recites, "wherein the connection is established based on a threshold condition." A "threshold condition" means "a predefined state of the server or the wireless device other than solely the elapsing of time." Since the determination of whether a threshold condition is met or not met also must be done without a request from the wireless device, that determination must be made at the server before a connection between the server and the wireless device is established. The use of the phrase "connection is established" means that a connection must not only be initiated, but must be made by the server with the wireless device. As the jury, it will be your responsibility to decide if the accused process involves a connection between the server that uses the RIM software and a BlackBerry handheld device.

JA16569:22-JA16570:13. An objectively reasonable understanding of this instruction, especially in light of the district court's pre-trial claim constructions and Opening Instructions, was that the connection between the server and the wireless device must *ultimately* be completed, but that this need not happen at a particular time with respect to the other claim steps. Thus, at the time that the case

was submitted to the jury, the district court's prior orders and jury instructions were reasonably understood as requiring only that: (1) "*initiating* wireless communication between a wireless device and the server" be completed before the "transmitted" sub-step commences (satisfying the "establishing" sub-step); and (2) a connection *ultimately* "must be made by the server with the wireless device" based on the "wherein" limitation (satisfying the "wherein the connection is established based on a threshold condition" limitation).

It was not until after the jury had returned a verdict in favor of MST that the district court *sua sponte* issued an order on July 17, 2012 stating that "under the Court's construction, a connection between the server and the wireless device must be established before transmission of a command is commenced."   JA16783. There is no dispute here that the district court's June 17 order included language not found in the Opening or Closing Instructions.   Indeed, the district court itself later characterized the language in its July 17 order as a "refinement" of previous articulations, JA158, which MST reasonably understood to mean that at a minimum, the actual wording had changed.  In its post-trial JMOL order issued on August 8, 2012, the district court further included statements suggesting that it was "reject[ing]" its own pre-verdict claim construction:

| The District Court's Claim Construction Order | The District Court's Post-Trial Order Granting RIM's JMOL |
|---|---|
| "[T]he Court construes the phrase | "[T]he Court rejects the argument that |

7

| The District Court's Claim Construction Order | The District Court's Post-Trial Order Granting RIM's JMOL |
|---|---|
| 'establishing a connection between the wireless device and the server' to mean: 'initiating wireless communication between a wireless device and the server.'" JA88. | initiation of a communication alone is sufficient to establish a connection." JA138. |

Faced with this language, as well as the substantial new language in the district court's July 17 order, MST justifiably and reasonably understood that the district court was changing its claim construction from that which it had provided to the jury in the Opening and Closing Instructions. Based on this Court's precedent barring district courts from revising their claim constructions at the JMOL stage, discussed *infra*, MST reasonably believed that its argument that the district court impermissibly changed its claim construction after the jury verdict was meritorious and would succeed on appeal.

## B.    THE GOVERNING LAW SUPPORTS THE REASONABLENESS OF MST'S POSITION

In view of the facts discussed above, MST had a reasonable basis to believe that the governing law supported its position on appeal. As discussed in MST's briefs on the merits, MST's position was guided by this Court's precedent in *Hewlett-Packard Co. v. Mustek Sys., Inc.*, 340 F.3d 1314 (Fed. Cir. 2003). There, this Court explained that district courts cannot revise their claim constructions post-verdict absent appropriate objections, and that "it is too late at the JMOL state to argue for or adopt a new and more detailed interpretation of the claim language

8

and test the jury verdict by that new and more detailed interpretation." *Hewlett-Packard*, 340 F.3d at 1321. This Court also applied the same rule against revised claim constructions post-verdict in *CytoLogix Corp. v. Ventana Medical Systems, Inc.*, 424 F.3d 1168 (Fed. Cir. 2005). Viewing the facts of this case in light of this Court's precedent, it is clear that MST's position on appeal was not one that stands out from other cases such that it warrants an award of attorney's fees.

### C.    THE TOTALITY OF THE CIRCUMSTANCES FURTHER SHOWS THAT THIS APPEAL IS NOT EXCEPTIONAL BECAUSE MST ADVANCED OTHER INDEPENDENT GROUNDS FOR THE APPEAL

It becomes even clearer that RIM's exceptionality argument should fail when considering the totality of the circumstances in this appeal. Although RIM alleges that this entire appeal is exceptional, it rests its motion on merely one of several independent grounds MST advanced on appeal, namely that the district court changed its claim construction following the jury verdict. MST, however, presented several other independent arguments on the merits to the Court on appeal, none of which RIM has alleged to be exceptional. MST argued, for example, that the jury verdict below was supported by substantial evidence in any event. *See* Dkt. No. 37 at pp. 54-58. RIM has not alleged this argument to be exceptional. MST also argued that construing the claims to require an order of steps was legal error regardless of whether the district court introduced this requirement pre- or post-trial. *See id.* at pp. 58-60. RIM has not alleged this

argument to be exceptional, either.  Thus, the totality of the circumstances shows that MST made numerous independent arguments on appeal, and therefore this case cannot be deemed exceptional based solely on the single argument that RIM has attacked in its motion.  Indeed, Judge Dyk has explained that § 285 "is directed to exceptional 'cases,'" and the "determination of whether attorney's fees are warranted under § 285 should be a determination of whether in light of the totality of the circumstances the case *as a whole* is exceptional."  *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, Dkt. No. 364 at 7 (E.D. Tex. Aug. 6, 2014) (emphasis in original).  Here, it is clear that this case as a whole is not exceptional.

### D.   RIM'S MOTION IS AN IMPERMISSIBLE ATTEMPT TO SHIFT FEES TO THE LOSING PARTY

In view of the facts and governing law discussed above, RIM's motion for fees is little more than an assertion that this case is "exceptional" simply because MST lost on appeal after first losing in the district court.  But, as judges of this Court applying *Octane Fitness* have observed, making arguments that do not prevail is not sufficient to warrant sanctions.  As Judge Dyk, sitting by designation, explained in *Stragent, LLC v. Intel Corp.*, "the mere fact that the losing party made a losing argument is not a relevant consideration" in the fee analysis under § 285. *Stragent, LLC v. Intel Corp.*, No. 6:11-cv-421, Dkt. No. 364 at 6 (E.D. Tex. Aug. 6, 2014).  Similarly, Judge Bryson denied attorney's fees in *Bianco v. Globus Med., Inc.*, distinguishing between "a fairly routine example of a claim that did not

10

prevail" and the "exceptional case of a claim that is so plainly non-meritorious that no reasonable attorney could realistically expect success on the merits." *Bianco v. Globus Med., Inc.*, No. 2:12-cv-147, 2014 WL 1904228 at *3 (E.D. Tex. May 12, 2014). As discussed in the preceding sections, MST's arguments on appeal were objectively reasonable in view of this Court's precedents as applied to the district court's rulings before and after the jury verdict. Although those arguments did not prevail, they were not so plainly non-meritorious that no reasonable attorney could have realistically expected success on the merits.

Further, with respect to issues of claim construction specifically, courts applying *Octane Fitness* have declined to award attorney's fees against plaintiffs who pursued infringement claims following adverse claim construction, finding that requiring these plaintiffs to give up their suits after claim construction would place them in the "untenable position" of risking an award of attorney fees simply for pursuing a suitable record for appeal. *See, e.g.*, *Kaneka Corp. v. Zhejiang Med. Co.*, No. 2:11-cv-2389, Dkt. No. 351 at 7-9 (C.D. Cal. May 23, 2014); *RealTime Data, LLC d/b/a IXO v. CME Group Inc.*, No. 1:11-cv-6697, Dkt. No. 921 at 2-3 (S.D.N.Y. June 24, 2014). Here, awarding attorney's fees simply because MST did not prevail on appeal of a claim construction issue from the district court would likewise put future plaintiffs in an untenable position of choosing between their right to appeal from adverse claim constructions and the risk of attorney's fees.

11

## III.    AN AWARD OF FEES IN THE COURT'S DISCRETION IS NOT WARRANTED

For the reasons discussed above, this appeal is not an exceptional case for which § 285 permits an award of attorney's fees. Even if this were an exceptional case, the Court should exercise its discretion not to award fees to RIM in view of the undue delays that RIM itself caused during the pendency of this appeal, and because RIM has failed to provide an accounting of the attorney's fees it seeks.

### A.    THE DURATION OF THIS APPEAL WAS DUE TO RIM'S SERIAL PURSUIT OF MERITLESS PROCEDURAL MOTIONS

In its motion, RIM contends that this case is exceptional because MST was somehow responsible for unduly extending this case. RIM complains of "prolonged" or "extended" litigation at least six times throughout its motion. *See, e.g.*, RIM Mtn. at 4 (complaining that MST was responsible for "unduly prolonging this litigation"); *id.* (alleging that "MST unduly extended this litigation in an unreasonable manner"); *id.* at 11 (complaining that MST "prolonged this litigation"); *id.* (complaining that "[a]lmost two years have been consumed by this appeal").

However, any blame for the extended duration of this appeal lies solely at the feet of RIM, which filed rounds and rounds of procedural motions—all of which this Court rejected—in an effort to derail resolution on the merits. These repeated attempts by RIM to avoid the merits through procedural attacks betray any contention that MST's substantive positions were "exceptionally weak."

12

Indeed, if RIM truly believed MST's positions were "exceptionally weak," it is difficult to understand why RIM tried so hard to avoid the merits of those issues.

RIM's attempts to dodge the merits started in January 2013, when Mformation Technologies, Inc. ("Mformation") filed a motion to substitute MST as the appellant after MST acquired Mformation's interest in the case. RIM filed a 15-page response aurging that the entire appeal should be dismissed based on an argument that MST did not have the right to pursue the appeal and there was no longer any remaining party with standing. *See* Dkt. No. 29. Months later—and after MST had had already filed its principal brief—RIM then moved to suspend the briefing schedule in view of its motion to dismiss. The Court then remanded this appeal to the district court to decide Mformation's motion to substitute. *See* Dkt. No. 47. Once the case was before the district court, MST filed a motion to substitute *de novo* and the parties conducted full briefing and oral argument before the district court. RIM opposed MST's efforts to expedite the briefing before the district court.[3] Eight months later, the district court ruled on the motion to substitute, deciding all factual issues in MST's favor.

Once the case was again before this Court, the parties filed supplemental briefing regarding the impact of the district court's order. Almost a year after Mformation filed its motion to substitute, this Court ruled in favor of MST and set

---

[3] RIM lost this motion too.

a briefing schedule, seemingly setting this appeal for resolution and putting RIM's dismissal arguments to rest. *See* Dkt. No. 55.

But this was not the end. After all of the foregoing, RIM took the extraordinary step of moving for reconsideration of this Court's order on its motion to dismiss. RIM did so even though this Court's determination was made in view of an unusually thorough record, including full briefing on RIM's motion to dismiss, supplemental briefing upon remand to the district court, a detailed district court order, and finally another round of supplemental briefing before this Court. In its reconsideration motion, RIM said nothing new, instead raising the exact same meritless arguments it had raised three times before. Unsurprisingly, in its opinion on the merits, this Court rejected RIM's arguments entirely, citing authority from both this Court and the Ninth Circuit. *See* Dkt. No. 87 at 6 n.2. Nevertheless, through its procedural maneuvers, RIM—not MST—managed to prolong and extend this appeal for more than a year. RIM's allegations that MST prolonged this case have the situation exactly backwards and do not support a fees award.

Unfortunately, RIM's dismissal arguments were not the only instance of it attempting to avoid the merits through procedural attacks. Throughout the appeal process, RIM's primary argument had nothing to do with the substance, but was instead an allegation that MST had waived its arguments and made certain

14

disclaimers before the district court regarding whether the district court changed its claim construction.  As MST stated in its reply brief, "RIM's brief is weighed down by so much excess argument about 'waiver,' 'admission,' and 'concession,' that one might lose sight of the key issue before the Court: whether Mformation presented evidence sufficient to support the verdict under the claim construction actually submitted to the jury."

RIM so zealously pursued its waiver argument that after all the briefs were submitted, it then filed a motion to strike portions of MST's reply brief.  According to RIM, MST had waived its response to RIM's waiver arguments by failing to include them in its opening brief.  Again, MST was forced to needlessly expend resources responding to RIM's groundless attempt to win the case without dealing with the merits.  And once again, this Court rejected RIM's arguments, ruling not only that MST did not waive any of its arguments, but also that MST did not waive its response to RIM's waiver arguments.  *See* Dkt. No. 87 at 9 n.4 ("We have carefully considered Blackberry's other waiver arguments, but we do not find them persuasive."); *id*. at 8 n.3 ("After reviewing Mformation's opening brief, we conclude that Mformation does argue the district court erred in finding that Mformation made concessions below.").

In total, RIM's actions forced the parties to engage in six rounds of extra procedural briefing, needlessly delaying this appeal for more than a year.  In the

end, RIM lost on every procedural issue it raised.  The instant fees motion can only be regarded as another example of RIM's over-litigiousness and unrestrained willingness to file motions no matter how meritless.  If anything, RIM's actions in prolonging this appeal through its unfounded procedural maneuvers would have supported a fees award in favor of MST had MST won the appeal.

## B.    RIM HAS FAILED TO IDENTIFY THE ATTORNEY'S FEES IT SEEKS

RIM's motion should also be denied because RIM has failed to provide a statement of the attorney's fees it contends are attributable to MST's allegedly exceptional argument, in violation of this Court's rules.  Federal Circuit Rule 47.7(b)(2) requires an application for attorney's fees to include a statement under oath specifying:

> (A) the nature of each service rendered;
>
> (B) the amount of time expended rendering each type of service; and
>
> (C) the customary charge for each type of service rendered.

Fed. Cir. R. 47.7(b)(2).  RIM's motion includes no such statement, and therefore should be denied because it provides MST and the Court no way to assess the amount or propriety of the fees RIM is requesting.

As discussed above, RIM's motion purports to seek attorney's fees for the entire merits briefing in this appeal, RIM Mtn. at 1, but is based only on a portion of MST's arguments on the merits—specifically, whether the district court

16

changed its claim construction after the verdict. Even if MST's arguments on that issue were sufficiently weak to be exceptional, which they are not, RIM's motion ignores that MST also argued on appeal that construing the claim to require an order of steps was improper as a matter of law even if the district court had not changed its construction, and that the jury verdict was supported by substantial evidence in any event. Thus, even if MST had chosen not to argue that the district court changed its claim construction post-verdict, this appeal still would have occurred and the parties still would have incurred their respective attorney's fees associated with preparing and filing the merits briefing. For this additional reason, an award of attorney's fees is unjustified in this case and RIM's motion should be denied.[4]

## CONCLUSION

For the foregoing reasons, RIM's motion for attorney's fees should be denied.


Dated:  October 10, 2014                    Respectfully submitted,

                                            */s/ Edward R. Reines*
                                            Edward R. Reines

---

[4] Should the Court in its discretion deem that a grant of attorney's fees is nonetheless warranted, MST requests that the Court first order RIM to provide the Rule 47.7(b)(2) statement setting forth fees incurred specifically in connection with the merits briefing on the issue of whether the district court changed its claim construction, with an opportunity for MST to review the statement and challenge any disputed amounts.

17

WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
E-Mail: ereines@weil.com
Tel: 650.802.3000
Fax: 650.802.3100

*Counsel for mFormation Software Technologies, Inc.,* successor in interest to *Mformation Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

In accordance with Fed. R. App. P. 25 and Fed. Cir. R. 25, I certify that on this day October 10, 2014, I served the foregoing via the Court's CM/ECF on the principal attorneys for each party.

Dated: October 10, 2014                /s/ *Irina Khait*

                                   Irina Khait
                                   Paralegal
                                   Weil, Gotshal & Manges LLP
                                   201 Redwood Shores Parkway
                                   Redwood Shores, CA 94065
                                   Telephone: (650) 802-3000