

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
WWW.FINNEGAN.COM

ERIKA H. ARNER
(571) 203-2754
erika.arner@finnegan.com

August 1, 2014

Hon. Daniel E. O'Toole
Circuit Executive and Clerk of Court
U.S. Court of Appeals
 for the Federal Circuit
717 Madison Place, N.W., Room 401
Washington, D.C.  20439

    RE:  Citation of Supplemental Authority
       *Versata Development Group, Inc. v. SAP America, Inc*. and *SAP AG*
       <u>Appeal No. 2014-1194 from the Patent Trial and Appeal Board</u>

Dear Mr. O'Toole:

    Pursuant to this Court's Order of July 18, 2014, the SAP appellees submit this letter under Fed. Cir. R. 28(j) regarding the Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014), which further confirms that the challenged claims of the '350 patent are invalid.

    Specifically, the Supreme Court reaffirmed the §101 framework from *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289 (2012), which the Patent Trial and Appeals Board followed in finding the '350 patent claims unpatentable. *Alice* at 2355; SAP Brief at 16-17.  The Board correctly found that the claims involve the abstract idea of "determining a price using organizational and product group hierarchies," following the first step of the *Mayo/Alice* analysis. SAP Brief at 17-19; *Alice* at 2355.  And the Board correctly analyzed *Mayo/Alice* step two, concluding that the claims add only routine conventional activity, and therefore lack any "inventive concept."  SAP Brief at 20-22; *Alice* at 2357-58.

    The Supreme Court specifically explained that "[t]he introduction of a computer into the claims does not alter the analysis at *Mayo* step two."  *Alice* at 2357.  Such is the case here, for, to the extent the '350 claims involve computers, the patent makes clear that they may be implemented "in any type of computer system or programming or processing environment."  SAP Brief at 23-24.  Noting that the claims require at most routine computer elements, the Board correctly concluded that they lacked meaningful limitations under *Mayo* and earlier Supreme Court precedent.  SAP Brief at 12, 20-22.  This conclusion was bolstered by the Supreme Court's conclusion in *Alice* that claims that "merely require generic computer implementation" fail to transform an abstract idea into a patentable invention. *Alice* at 2357; SAP Brief at 23-24.

Hon. Daniel E. O'Toole
August 1, 2014
Page 2

      The Supreme Court also reaffirmed the Board's conclusion that an abstract method claim does not become patentable by recasting it as an "apparatus" or "computer readable storage media," as with some of the '350 claims. *Alice* at 2360; SAP Brief at 12.

      Thus, the Supreme Court's *Alice* decision further confirms that the claims on appeal are invalid.

                                           Sincerely,

                                           /s/ Erika H. Arner

                                           Erika H. Arner

cc:      Counsel of Record

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing **Letter to the Hon. Daniel E. O'Toole** using the Court's CM/ECF filing system. Counsel registered with the CM/ECF system have been served by operation of the Court's CM/ECF System on this 1st day of August, 2014.

/s/ Zachary Schanz
Zachary Schanz, Litigation Legal Assistant