NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ADJUSTACAM, LLC,**
*Plaintiff-Appellant*

**v.**

**NEWEGG, INC., NEWEGG.COM, INC., ROSEWILL, INC.,**
*Defendants-Cross Appellants*

**SAKAR INTERNATIONAL, INC.,**
*Defendant-Cross Appellant*

———————————

2013-1665, -1666, -1667

———————————

Appeals from the United States District Court for the Eastern District of Texas in No. 10-CV-0329, Chief Judge Leonard Davis.

———————————

Decided: September 17, 2015

———————————

JOHN J. EDMONDS, Collins, Edmonds, Pogorzelski, Schlather & Tower PLLC, Houston, TX, argued for plaintiff-appellant. Also represented by STEPHEN F. SCHLATHER, SHEA NEAL PALAVAN.

2                    ADJUSTACAM, LLC v. NEWEGG, INC.

RICHARD GREGORY FRENKEL, Latham & Watkins LLP, Menlo Park, CA, argued for defendants-cross appellants Newegg, Inc., Newegg.com, Inc., Rosewill, Inc. Also represented by EDWARD R. REINES, Weil, Gotshal & Manges LLP, Redwood Shores, CA; KENT E. BALDAUF, JR., DANIEL H. BREAN, ANTHONY W. BROOKS, The Webb Law Firm, Pittsburgh, PA; YAR ROMAN CHAIKOVSKY, Paul Hastings LLP, Palo Alto, CA; MARK A. LEMLEY, LAURA MILLER, Durie Tangri LLP, San Francisco, CA.

EZRA SUTTON, Ezra Sutton, P.A., Woodbridge, NJ, for defendant-cross appellant Sakar International, Inc.

STEVEN MOORE, Kilpatrick Townsend & Stockton LLP, San Francisco, CA, for amici curiae Garmin International, Inc., Kaspersky Lab, Limelight Networks, Inc., SAP America, Inc., SAS Institute Inc., Xilinx, Inc.

———————————

Before NEWMAN, PLAGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

Cross-appellants Newegg, Newegg.com, Rosewill, and Sakar appeal the district court's denial of their motions for a declaration of an "exceptional case" under 35 U.S.C. § 285. Because we must afford the district court an opportunity to apply an intervening change in the law, we remand for reconsideration in light of the Supreme Court's recent clarification of the "exceptional case" standard. AdjustaCam appeals the district court's claim construction. We dismiss for lack of jurisdiction AdjustaCam's appeal because the district court's claim construction had no bearing on the final judgment, entered after the district court granted AdjustaCam's motions to dismiss its claims against the cross-appellants as moot.

## I

AdjustaCam, LLC, is the exclusive licensee of U.S. Patent No. 5,855,343. In July 2010, AdjustaCam filed suit against fifty-eight defendants in the Eastern District of Texas, alleging infringement of the '343 patent. Among the defendants were the cross-appellants here: Newegg, Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, Newegg); and Sakar International, Inc. (Sakar).

The '343 patent relates to a convertible clip for supporting portable cameras. The clips are designed especially for use with a laptop computer. They are capable of supporting a camera on a flat surface, such as a table, as well as on the edge of a laptop screen. They are also capable of converting into a retracted position in which they protect the camera and are easily stored during transport. '343 patent col. 1 ll. 54–59.



AdjustaCam began settling with defendants shortly after filing suit, dismissing its claims against most of the original fifty-eight defendants prior to the *Markman* order. Once the *Markman* order issued, AdjustaCam dropped sixteen accused products from the suit and stipulated to the dismissal of its claims against several other defendants. AdjustaCam proceeded with discovery

and pre-trial motions on its claims against Newegg, Sakar, and Kohl's—Sakar's primary distributor.

On August 27, 2012, AdjustaCam filed a motion to dismiss its claims against Newegg and Newegg's counter-claims. AdjustaCam explained that, because of the set-tlement licenses granted to upstream suppliers, Newegg's damages liability had become de minimus. According to AdjustaCam, Sakar and Kohl's were the only defendants left with substantial damages liability. Further, Ad-justaCam explained that it had granted Newegg a cove-nant not to sue. Newegg initially opposed the motion.

On August 30, 2012, the Patent and Trademark Office issued a Final Office Action in an ex parte reexamination rejecting all of the asserted claims of the '343 patent. On September 20, 2012, AdjustaCam elected to cancel the asserted claims to allow issuance of a reexamination certificate with new and amended claims.

AdjustaCam subsequently filed a new motion to dis-miss its claims against Newegg with prejudice and Newegg's counterclaims without prejudice. Newegg did not oppose the motion. AdjustaCam explained that the case had become moot due to the cancellation of the claims and a covenant not to sue Newegg. The district court granted the motion on September 27, 2012. Later, AdjustaCam filed an unopposed motion to dismiss its claims against Sakar and Kohl's with prejudice and their counterclaims without prejudice. This motion also stated that the case had become moot due to cancellation of the claims and a covenant not to sue granted to those parties. The district court granted the motion on December 17, 2012.

Newegg and Sakar filed motions for a declaration that this case was "exceptional" under 35 U.S.C. § 285, re-questing attorney fees and expert fees. They argued that AdjustaCam's infringement contentions were objectively baseless in light of the district court's claim construction;

that AdjustaCam's validity arguments were objectively baseless; that AdjustaCam brought the case in subjective bad faith, as shown by its "nuisance value" settlements with other defendants; and that AdjustaCam committed litigation misconduct and Rule 11 violations. The district court disagreed and denied these motions on August 19, 2013.

After the district court entered final judgment in the case and denied Newegg and Sakar's motions for fees, AdjustaCam filed an appeal to this court challenging the district court's claim construction. Newegg and Sakar filed cross-appeals, arguing the district court erred in denying attorney and expert fees.

## II

Our jurisdiction is generally limited to appeals from a final judgment. 28 U.S.C. § 1295(a) (conferring jurisdiction "of an appeal from a final decision of a district court"); *SanDisk Corp. v. Kingston Tech. Co., Inc.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012). The requirement of a final judgment is often applied to preclude review of certain interlocutory decisions. *See, e.g.*, *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1354–60 (Fed. Cir. 2011). But it also limits the issues we may consider to those that are the subject of a final judgment when one is entered. *Mass. Inst. of Tech. & Elecs. for Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1350 (Fed. Cir. 2006). Thus, where "a party's claim construction arguments do not affect the final judgment entered by the court, they are not reviewable." *SanDisk Corp.*, 695 F.3d at 1354 (declining to consider the construction of claims withdrawn prior to the final judgment on the issue of infringement).

Here, AdjustaCam appeals the district court's claim construction order. AdjustaCam argues that we have jurisdiction over its appeal because the district court entered final judgment in the case. But claim construc-

tion had no effect on the district court's final judgment.
The district court entered judgment solely on the basis of
the parties' joint motions to dismiss, including Ad-
justaCam's voluntary motions to dismiss Newegg and
Sakar. The stated basis for those motions was that Ad-
justaCam's infringement allegations had become moot
due to cancellation of the asserted claims and covenants
not to sue Newegg and Sakar. Because the district court's
non-final claim construction order had no bearing on its
final judgment, we must dismiss AdjustaCam's appeal for
lack of jurisdiction.[1]

## III

To determine whether this case was "exceptional" un-
der 35 U.S.C. § 285, the district court applied the stand-
ard set out in *Brooks Furniture Manufacturing v.
Dutailier International, Inc.*, 393 F.3d 1378, 1381 (Fed.
Cir. 2005). Under that standard, a case is exceptional
only "when there has been some material inappropriate
conduct" or when the litigation is both "objectively base-
less" and "brought in subjective bad faith." *Brooks Furni-
ture*, 393 F.3d at 1381. The party seeking attorney fees
must prove these factors by clear and convincing evidence.
*Id.* at 1382.

Since the district court's decision, the Supreme Court
decided *Octane Fitness, LLC v. Icon Health & Fitness,
Inc.*, 134 S. Ct. 1749 (2014). In that case, the Supreme

---

[1]    After this case was argued and Newegg filed a
motion for attorney fees and costs, alleging that Ad-
justaCam's appeal was frivolous, AdjustaCam filed a
motion to terminate its appeal. *See* Voluntary Dismissal
of Appeal, *AdjustaCam, LLC v. Newegg, Inc.*, No. 2013-
1665 (May 28, 2015). Because we dismiss AdjustaCam's
appeal for lack of jurisdiction, we deny this motion as
moot.

Court rejected the *Brooks Furniture* test as overly rigid. It held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* at 1756. A district court "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Further, the Supreme Court held that the governing burden of proof is not clear and convincing evidence, but a preponderance of the evidence, as in other aspects of civil litigation. *Id.* at 1758.

Although the governing standard has changed, Newegg and Sakar argue that remand is not necessary. They argue that in *Octane Fitness*, the Supreme Court relaxed the test for finding a case "exceptional" under § 285. Because the district court erred under the more "rigid" *Brooks Furniture* standard, they say, it necessarily erred under the new *Octane Fitness* standard. But the Supreme Court did not simply relax the standard under § 285. It substantially changed the analysis. The district court may now consider the totality of the circumstances to determine whether this case is "exceptional," and the district court is not necessarily required to find evidence of the specific factors outlined in *Brooks Furniture*. Further, the Supreme Court lowered the burden of proof for establishing that a case is "exceptional." We decline to substitute our judgment for that of the district court in applying these new standards in the first instance. Accordingly, we remand for reconsideration in light of *Octane Fitness*.[2]

---

[2]    We note, however, that Newegg and Sakar's arguments appear to have significant merit, particularly their argument that AdjustaCam's continued pursuit of

## IV

Because the district court's claim construction was not the subject of a final judgment, we dismiss AdjustaCam's claim construction appeal for lack of jurisdiction. And because the district court must be afforded an opportunity to evaluate whether this case is "exceptional" under the totality of the circumstances and a lower burden of proof, we vacate the district court's denial of attorney fees and remand for reconsideration in light of *Octane Fitness*. We also vacate and remand the district court's denial of expert fees, which was premised on its finding that this case is not "exceptional" under § 285.

**DISMISSED IN PART, VACATED IN PART, AND REMANDED**

---

its infringement claims after the district court construed the claim term "rotatably attached" was baseless.