NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ADJUSTACAM, LLC,**
*Plaintiff-Appellant*

v.

**NEWEGG, INC., NEWEGG.COM, INC., ROSEWILL, INC.,**
*Defendants-Cross Appellants*

**SAKAR INTERNATIONAL, INC.,**
*Defendant-Cross Appellant*

---

2013-1665, -1666, -1667

---

Appeals from the United States District Court for the Eastern District of Texas in No. 10-CV-0329, Chief Judge Leonard Davis.

---

**ON MOTION**

---

Before NEWMAN, PLAGER, and HUGHES, *Circuit Judges.*

HUGHES, *Circuit Judge.*

**O R D E R**

Newegg, Inc., Newegg.com, Inc., and Rosewill, Inc. (collectively, "Newegg") request attorneys' fees, expenses, and costs associated with defending against AdjustaCam's appeal. AdjustaCam opposes.

AdjustaCam appealed the district court's claim construction order. We dismissed the appeal for lack of jurisdiction because we cannot review claim construction arguments that do not affect the final judgment entered by the court. *See AdjustaCam, LLC v. Newegg, Inc.*, Nos. 2013–1665, 2013–1666, 2013–1667, 2015 WL 5449927 (Fed. Cir. Sept. 17, 2015). Newegg argues that AdjustaCam's appeal was frivolous and therefore requests attorneys' fees, expenses, and costs under Federal Rule of Appellate Procedure 38. We agree.

If the court determines that an appeal is "frivolous" it may "award just damages and single or double costs." FED. R. APP. P. 38. The purpose of awarding "just damages" under Rule 38 "is not only to compensate a winner before the district court for expense and delay in defending against meritless arguments on appeal but to deter frivolous appeals and thus preserve the appellate calendar for cases worthy of consideration." *Sun-Tek Indus., Inc. v. Kennedy Sky-Lites, Inc.*, 865 F.2d 1254, 1255 (Fed. Cir. 1989) (quoting *United States v. Phoenix Petroleum Co.*, 727 F.2d 1579, 1580 n. 4 (TECA 1984)). An appeal is frivolous as filed "when an appellant grounds his appeal on arguments or issues that are beyond the reasonable contemplation of fair-minded people, and no basis for reversal in law or fact can be or is even arguably shown." *E-Pass Techs., Inc. v. 3Com Corp.*, 559 F.3d 1374, 1377 (Fed. Cir. 2009) (quoting *Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001)).

The law in the Federal Circuit was clear at the time AdjustaCam filed its appeal: where "a party's claim construction arguments do not affect the final judgment entered by the court, they are not reviewable." *SanDisk*

*Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1354 (Fed. Cir. 2012). To be sure, a party subject to an adverse claim construction can, in certain circumstances, stipulate to non-infringement and appeal the unfavorable claim construction. *See, e.g.*, *Jang v. Boston Sci. Corp.*, 532 F.3d 1330, 1334–38 (Fed. Cir. 2008). But, here, AdjustaCam did not stipulate to non-infringement. The district court's final judgment was based solely upon AdjustaCam's unopposed motions to dismiss, including AdjustaCam's voluntary motion to dismiss Newegg. Under basic principles of jurisdiction, this court was plainly precluded from hearing AdjustaCam's appeal due to the absence of a final judgment on claim construction. Accordingly, we find AdjustaCam's appeal frivolous as filed.

To support its request for attorneys' fees, Newegg submitted an affidavit estimating that 15% of the total time spent on this appeal was devoted to the claim construction issues raised by AdjustaCam, and therefore requests 15% of the total fees and expenses, or $29,735.19. The affidavit, however, is not sufficiently detailed to determine if the requested attorneys' fees were *actually* incurred in responding to AdjustaCam's appeal because it merely includes the total fees charged and a statement that the attorneys "believe" they spent 15% of the total time on the claim construction issues. *See, e.g.*, *Sun-Tek Indus., Inc.* 865 F.2d at 1255 (Under Rule 38, an award of attorney fees as "just damages" is determined by the attorneys' fees and costs *actually* incurred).

To avoid further proceedings over the amount of the attorneys' fees, the court exercises its discretion to award a fixed sum. *See, e.g.*, *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 948 F.2d 1573, 1581–82 (Fed. Cir. 1991) ("[I]t is also possible to award a fixed amount reflecting an appropriate penalty rather than a precise sum based upon proof of the appellee's actual attorney fees."). Based on the circumstances of this case, we have determined that the sum

of fifteen thousand dollars constitutes an appropriate penalty.

IT IS ORDERED THAT:

The motion for attorneys' fees, expenses, and costs is granted in the amount of $15,000.

FOR THE COURT

November 19, 2015          /s/ Daniel E. O'Toole
        Date                              Daniel E. O'Toole
                                          Clerk of Court