**Gregory G. Garre**
Direct Dial: (202) 637-2207
gregory.garre@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200 Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM & WATKINS LLP

September 11, 2014

Rear Admiral Daniel E. O'Toole, Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, D.C. 20439

    Re:    *Ultramercial, LLC, et al. v. Hulu, LLC, and WildTangent, Inc.*, No. 2010-1544
            <u>Notice of Supplemental Authority Pursuant to Rule 28(j)</u>

Dear Admiral O'Toole:

    Pursuant to FRAP 28(j), we note the issuance of *buySAFE, Inc. v. Google, Inc.*, --- F.3d ----, 2014 WL 4337771 (Fed. Cir. Sept. 3, 2014) (attached), affirming the district court's judgment on the pleadings that the computer-implemented claims at issue were not patent-eligible.

    Applying the two-step framework of *Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014), the Federal Circuit held that the claims (1) involved the abstract idea of guaranteeing performance of a financial transaction and (2) did not add anything sufficiently "inventive." *buySAFE*, 2014 WL 4337771, at *4-5. The patentee relied on the panel's now-vacated decision in this case, arguing that the claims "require[] and limit[] the method to being performed through computers"—indeed, "several computer systems, operating in tandem"—"on the Internet and in a cybermarket environment through complex computer programming." Appellant's Br. 26-27, *buySAFE*, 2013 WL 5888301 (Oct. 21, 2013). The Court rejected that argument, holding that the claims added nothing "inventive" because they required only generic computer implementation and basic computer functions, such as "receiv[ing] and send[ing]" information "over a network"—which are "not even arguably inventive." 2014 WL 4337771, at *5. It "cannot be enough that the transactions being guaranteed are themselves online transactions," the Court emphasized, because that at most limits the concept to "'a particular technological environment,'" which is insufficient. *Id*. (citation omitted). And it did not matter that the § 101 issue arose at the pleading stage—without claim construction or factual development. "[W]ith the approach to this kind of section 101 issue clarified by *Alice*," the Court held, "it is a straightforward matter to conclude that the claims in this case are invalid." *Id.*

    The same "straightforward" result under *Alice* follows here. As in *buySAFE*, Ultramercial's claims at most recite performing a longstanding abstract economic concept on the

Internet in a cybermarket environment using generic computer implementation, as WildTangent has argued.  *E.g*., WildTangent Supp. Br. 3-13.  Likewise, as in *buySAFE,* the fact that the § 101 issue in this case was decided at the pleading stage is immaterial to the patent's ineligibility under § 101.

                                    Respectfully,

                                    /s/ Gregory G. Garre
                                  Gregory G. Garre
                                  of LATHAM & WATKINS LLP

                                  *Counsel for Appellee WildTangent, Inc.*

cc:  Counsel of Record via ECF