Case no. 2012-1014

IN THE

# United States Court of Appeals
# for the Federal Circuit

LIGHTING BALLAST CONTROL LLC,
*Plaintiff-Appellee,*

—v.—

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,
*Defendant,*

AND

UNIVERSAL LIGHTING TECHNOLOGY, INC.,
*Defendant-Appellant.*
————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS, CASE NO. 09-CV-0029.
THE HONORABLE **REED O'CONNOR**, JUDGE PRESIDING

## MOTION TO DISMISS APPEAL OF ORDERS
## DENYING SUMMARY JUDGMENT

ROBERT P. GREENSPOON
FLACHBART & GREENSPOON, LLC
333 N. MICHIGAN AVE., 27TH FL.
CHICAGO, IL 60601
(312) 551-9500

JONATHAN T. SUDER
DAVID A. SKEELS
FRIEDMAN, SUDER & COOKE
604 E. 4TH ST., SUITE 200
FORT WORTH, TX 76102
(817) 334-0400

ANDREW J. DHUEY
456 BOYNTON AVENUE
BERKELEY, CALIFORNIA 94707
(510) 528-8200

*Attorneys for Plaintiff-Appellee,*
*Lighting Ballast Control LLC*

16 FEBRUARY 2015

## CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellee Lighting Ballast Control LLC, certifies the following:

1. The full name of every party or amicus represented by me is: Lighting Ballast Control LLC.

2. The name of the real party in interest I represent is: Lighting Ballast Control LLC.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are: Lighting Ballast Control LLC is a wholly owned subsidiary of Acacia Research Group LLC, which is a wholly owned subsidiary of Acacia Research Corporation.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

| | |
|---|---|
| Robert P. Greenspoon | Jonathan T. Suder |
| William W. Flachsbart | David A. Skeels |
| Flachsbart & Greenspoon, LLC | Glenn Orman |
| | Friedman, Suder & Cooke |
| | |
| Andrew J. Dhuey | Paul D. Clement |
| | George W. Hicks |
| | Bancroft PLLC (Supreme Court counsel) |
| | |
| Dated: 16 February 2015 | /s/ Andrew J. Dhuey |
| | Counsel for Lighting Ballast Control LLC |

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ................................................................. i

TABLE OF CONTENTS............................................................... ii

TABLE OF AUTHORITIES ..................................................... iv

I.     INTRODUCTION.................................................... 1

II.    ARGUMENT. ......................................................... 2

    A.     After Trial, the Court Lacks the Power
        to Review Claim Constructions Made in
        Orders Denying Summary Judgment.............................. 2

    B.     The Court Lacks the Power to Review the
        Alleged Claim Construction Errors ULT Asserts
        Judge O'Connor Made in His Orders Denying
        Summary Judgment ....................................................... 9

        1.     The District Court's Construction of "voltage
            source means" Is Unappealable Because, *Inter
            Alia*, It Was Based on an Underlying Factual
            Finding Entitled to Deference on Appeal...........10

        2.     The District Court's Construction of "direct
            current blocking means coupled to the output
            terminals" Is Unappealable Because, *Inter
            Alia*, It Was Based on an Underlying Factual
            Finding Entitled to Deference on Appeal...........15

        3.     The Court Has No Jurisdiction to Review ULT's
            Appeal of the District Court's Construction of
            the "whenever . . . defective" Claim
            Limitation Because It Is Not a "Neat Abstract
            Issue of Law" under *Ortiz* ..................................17

C.    *En Banc* Treatment Is Needed.. ..................................... 18

III.    CONCLUSION. ....................................................... 20

CERTIFICATE OF SERVICE .................................................. 21

# TABLE OF AUTHORITIES

**CASES** <span style="float:right">Page</span>

*Beer v. United States*, 696 F.3d 1174 (Fed. Cir. 2012) (*en banc*) ................. 3

*Black v. J.I. Case Co.,* 22 F.3d 568 (5th Cir. 1994) ........................................ 2

*Brown v. Slenker*, 220 F.3d 411 (5th Cir. 2000) ........................................ 2-3

*Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.,*
    51 F.3d 1229 (4th Cir. 1995) ................................................. 2

*Cybor Corp. v. FAS Techs., Inc.*,
    138 F.3d 1448 (Fed. Cir. 1998) (*en banc*) ...................................... 1, 12

*Elusta v. Rubio*, 418 Fed. Appx. 552 (7th Cir. 2011) (nonprecedential) ........ 3

*Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379 (Fed. Cir. 1999) ........ 11

*ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509 (Fed. Cir. 2012) ....... 5, 19

*Feld v. Feld*, 688 F.3d 779 (D.C. Cir. 2012) .................................................. 4

*Glaros v. H.H. Robertson Co.*, 797 F.2d 1564 (Fed. Cir. 1986) ................... 19

*Ji v. Bose Corp.*, 626 F.3d 116 (1st Cir. 2010) ............................................... 2

*Kay v. United of Omaha Life Ins. Co..*,
    562 Fed. Appx. 380 (6th Cir. 2014) (nonprecedential) ............... 4-5, 18

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
    2010 U.S. Dist. LEXIS 85570 (N.D. Tex. Aug. 19, 2010) ............... 10

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
    2010 U.S. Dist. LEXIS 127409 (N.D. Tex. Dec. 2, 2010) ................. 10

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
    498 F. App'x 986 (Fed. Cir. 2013) (nonprecedential) .............. 1, 10, 12

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*,
    744 F.3d 1272 (Fed. Cir. 2014) (*en banc*) .......................................... 13

*MeadWestVaco Corp. v. Rexam Beauty & Closures, Inc.*,
    731 F.3d 1258 (Fed. Cir. 2013) ..................................................... 18-19

*Metropolitan Life Ins. Co. v. Golden Triangle*,
    121 F.3d 351 (8th Cir. 1997) ............................................................... 2

*Ortiz v. Jordan*,
    316 Fed. Appx. 449 (6th Cir. 2009) (nonprecedential) ....................... 5

*Ortiz v. Jordan*, 562 U.S. 180 (2011) ...................................................... *passim*

*Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ............... 7

*Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313 (7th Cir. 1995) ...................... 8

*Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015) ............. *passim*

*United Techs. Corp. v. Chromalloy Gas Turbine Corp.*,
    189 F.3d 1338 (Fed. Cir. 1999) ......................................................... 5

*Western Union Co. v. MoneyGram Payment Sys.*,
    626 F.3d 1361 (Fed. Cir. 2010) ......................................................... 8

## RULES

Fed. Cir. R. 27(a)(5)...................................................................................... 1

Fed. R. App. P. 35(b)(1)(B) ........................................................................ 18

## OTHER AUTHORITIES

Morin, *Note: The New Temporal Prime Directive:
Ortiz & The Death Of Post-Trial Appeals From Pretrial
Summary Judgment Denials*, 24 Regent U.L. Rev. 205 (2011) ................... 3

Stockwell, *Limiting Claim Construction Challenges After* Ortiz v. Jordan,
39(2) AIPLA Quarterly J. 225 (2011) ........................................................... 3

# I.   INTRODUCTION.

Plaintiff-Appellee Lighting Ballast Control LLC ("Lighting Ballast") respectfully moves to dismiss this appeal to the extent that Defendant-Appellant Universal Lighting Technologies, Inc. ("ULT") appeals – in its own words – the district court's claim constructions in orders denying summary judgment.[1] *See* ULT Panel Principal Br. 2-3 (Issues Presented, nos. 1-3). As explained below, this Court lacks jurisdiction. Bound by *Cybor Corp. v. FAS Techs., Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) (*en banc*), the initial panel in this case held that the trial court's "claim construction . . . ruling concerned only questions of law" and was thus appealable, despite being made in an order denying summary judgment. *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 498 F. App'x 986, 989 (Fed. Cir. 2013) (nonprecedential). This holding now conflicts with *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831 (2015), and the jurisdictional bar is now unavoidable. The *en banc* Court (which still holds this case) should so rule, for the benefit of the bench and bar.

In its petition for rehearing *en banc*, Lighting Ballast stated that "[r]ejection of *Cybor* would immediately create an open and important question about whether it is necessary to move for JMOL during and after a trial to preserve claim

---

[1] Under Federal Circuit Rule 27(a)(5), Lighting Ballast confirms that it has discussed this motion with counsel for ULT, and that ULT objects to this motion and will respond in accordance with the Court's rules or other directions.

construction arguments for appellate review." Pet. 12. This jurisprudentially important question concerning the scope of the Court's appellate jurisdiction is now ripe. The Court, sitting *en banc*, should clarify that under *Teva* and *Ortiz v. Jordan*, 562 U.S. 180 (2011), claim constructions made in orders denying summary judgment are *never* appealable after a full trial on the merits.

## II.     ARGUMENT.

### A.     After Trial, the Court Lacks the Power to Review Claim Constructions Made in Orders Denying Summary Judgment.

Prior to the Supreme Court's decision in *Ortiz*, four circuit courts held that they had no jurisdiction to review orders denying summary judgment of *any* kind – even those involving purely legal issues. *Ji v. Bose Corp.*, 626 F.3d 116, 127-28 (1st Cir. 2010); *Chesapeake Paper Prods. Co. v. Stone & Webster Eng'g Corp.*, 51 F.3d 1229, 1235 (4th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 571 n.5 (5th Cir. 1994); *Metropolitan Life Ins. Co. v. Golden Triangle*, 121 F.3d 351, 355 (8th Cir. 1997). In *Ortiz*, the Supreme Court confirmed the correctness of these decisions: "May a party, as the Sixth Circuit believed, appeal an order denying summary judgment after a full trial on the merits? Our answer is no." 562 U.S. at 183-84 (internal footnote omitted). Indeed, the *Ortiz* court cited the Fifth Circuit's decision in *Black* as being on the correct side of a circuit split it granted *certiorari* to resolve. *Id.* at 184 n.1. Fifth Circuit procedural authority (which applies here) explains that such nonappealability is jurisdictional. *Brown v. Slenker*, 220 F.3d

2

411, 421 n.9 (5th Cir. 2000) ("Because a trial followed the denial of summary judgment, we lack jurisdiction to consider the denial of summary judgment.").

At least one court has interpreted *Ortiz* as a prohibition against reviewing any order denying summary judgment, however purely legal the disputed issue may be. *Elusta v. Rubio*, 418 Fed. Appx. 552, 554 (7th Cir. 2011) (nonprecedential) (*Ortiz* prohibits appellate review of denial of summary judgment on whether a complaint to a police officer can serve as the basis for a claim for intentional infliction of emotional distress under Illinois law).

Likewise, at least two commentators have argued that there are no valid exceptions to *Ortiz*'s non-appealability holding.[2] This reading of *Ortiz* is correct because it eschews limiting a clear and categorical Supreme Court holding to the facts in the case. "The Supreme Court may distinguish its own opinions by limiting them to their facts or choose to overrule them, but that is not an option for this court." *Beer v. United States*, 696 F.3d 1174, 1191-92 (Fed. Cir. 2012) (*en banc*) (Dyk, J., dissenting) (internal citations omitted).

---

[2] Morin, *Note: The New Temporal Prime Directive:* Ortiz & *The Death Of Post-Trial Appeals From Pretrial Summary Judgment Denials*, 24 Regent U.L. Rev. 205, 225 (2011) ("Four aspects concerning the majority's opinion preclude an exception to *Ortiz*'s rule"); Stockwell, *Limiting Claim Construction Challenges After* Ortiz v. Jordan, 39(2) AIPLA Quarterly J. 225, 240 (2011) ("[N]othing in the Supreme Court's decision suggests that their view would have been any different had the case presented such a 'pure' legal question.").

Still, other circuit courts have held that in *Ortiz* the Supreme Court left for another day the appealability of orders denying summary judgment to the extent that they concern "neat abstract issues of law". 562 U.S. at 191. For example, the D.C. Circuit did not see *Ortiz* as an obstacle when it reviewed an order denying summary judgment on whether applicable law permits a condominium owner to use force to eject a trespasser from the building's common areas. *Feld v. Feld*, 688 F.3d 779, 781-82 (D.C. Cir. 2012).

However, only broad jurisprudential questions, such as the one presented in *Feld*, qualify for the "neat abstract issue of law" exception, if it even exists, because such questions may be resolved without review of the record in that particular case.[3] The Sixth Circuit made this important distinction in *Kay v. United of Omaha Life Ins. Co.*:

> United conflates the term "purely legal issues" as used in *Ortiz* with the term "question of law" as used in *Myers*. Purely legal questions "involve disputes about the substance and clarity of pre-existing laws." *Ortiz*, 131 S. Ct. at 892. In other words they are abstract legal questions, which can be asked and answered without reference to the facts of the case. For example, whether the doctrine of equitable estoppel in a particular state requires reasonable reliance, as opposed merely to actual reliance, might be such a question. But a "legal question" in the usual summary-judgment sense is something quite different.

---

[3] To avoid an unnecessary conflict with this Court's sister circuits, it would be prudent for the Court to assume *arguendo* that *Feld* and other decisions correctly hold that *Ortiz* left undecided whether "purely legal" orders denying summary judgment are appealable; regardless, patent claim constructions do not fit within this narrow exception.

4

562 Fed. Appx. 380, 385 (6th Cir. 2014) (nonprecedential).[4]

*Ortiz*, in conjunction with *Teva*, casts doubt on the appealability of orders in patent cases denying summary judgment on claim construction grounds. The need for clarity is particularly acute with regard to "'legal question[s]' in the usual summary-judgment sense" as the Sixth Circuit worded it in *Kay*. This very Court may have mistakenly issued merits rulings in cases over which it lacked jurisdiction. Such cases include *ePlus, Inc. v. Lawson Software, Inc.*, 700 F.3d 509, 517 (Fed. Cir. 2012), in which this Court reviewed a claim construction ruling made in an order denying summary judgment for indefiniteness, even though there had been a full trial on the merits. Apparently, no party in *ePlus* brought *Ortiz* to the Court's attention; the appellee instead asserted garden-variety waiver under *United Techs. Corp. v. Chromalloy Gas Turbine Corp.*, 189 F.3d 1338, 1344 (Fed. Cir. 1999). ePlus Br. at *64, available at 2011 U.S. Fed. Cir. Briefs LEXIS 1644. With no mention of *Ortiz*, the *ePlus* court based its rejection of the waiver argument on the "legal question" exception of *United Techs.* 700 F.3d at 517.

*Teva* swept away any conceivable support that remained after *Ortiz* for the post-trial appealability of claim constructions in orders denying summary judgment. Under *Teva*, this Court must afford appellate deference to any

---

[4] Although *Kay* is nonprecedential, a conflicting decision of another circuit court would justify Supreme Court review. *See, e.g., Ortiz*, 562 U.S. at 183, *reversing* 316 Fed. Appx. 449 (6th Cir. 2009) (nonprecedential).

5

underlying factual findings based on extrinsic evidence. 135 S. Ct. at 835. And, *Teva's* analysis of the "mongrel" practice of claim construction, along with its rejection of the statutory interpretation analogy, puts to rest any suggestion that claim construction might fit within the "neat abstract question of law" exception (if it even exists). *Id.* at 838-40. It would be a contradiction in legal terms to say that appellate deference is due underlying factual findings made to resolve a "neat abstract issue of law." Thus, the review of a claim construction made in a summary judgment denial, especially when the construction is based in part on extrinsic evidence, would defy even the narrowest reading of *Ortiz*.

To be sure, *Teva* holds that a claim construction made with reference only to the intrinsic record of a patent is a "determination of law" subject to *de novo* review. *Id.* at 841. But that could hardly be considered a "neat abstract issue of law" under *Ortiz*. Claim construction is case-specific and untidy, and it depends on concrete examination of a particular patent record. That record can span hundreds of documentary pages, and the construer must attempt to view it through the eyes of someone having ordinary skill in the applicable art at the time of invention. Holding that purely intrinsic claim constructions are "neat abstract issues of law" under *Ortiz* would beg the question of how *any* "issue of law" could be anything but neat and abstract.

Moreover, consider the impracticality of permitting, after trial, summary judgment denial appeals of claim constructions based solely on the intrinsic patent record. In many cases, including this one, the trial court construes some claim terms with reference only to the intrinsic record, and it rejects a party's proffered extrinsic evidence as superfluous under *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (*en banc*).[5] If the complaining party is correct that extrinsic evidence should have informed the trial court's claim construction, it has proven too much – it has also established that it is not raising a "neat abstract issue of law" on appeal. Such a party could have, and should have, used the JMOL procedure if it wished to trigger this Court's reviewing power.[6]

Conversely, a district court may erroneously base its claim construction on extrinsic evidence, where a correct construction analysis under *Phillips* would have looked only to the intrinsic record. In the context of summary judgment denials, is that a "purely legal" issue on appeal?

There is no need for this Court to answer such questions, but trial judges and litigants *do* need clear guidance on the appealability, after trial, of claim constructions made in denied motions for summary judgment. The answer is a

---

[5] For such an example in this case, *see* Issue Presented no. 3, discussed *infra* at 17-18.

[6] In this case, ULT's in-trial JMOL motions are in the record at A12718-35 and A13370-72. Its post-trial JMOL motion is in the record at A5835-73. ULT did not raise the factual or claim construction bases for Issue Nos. 1-3 within these motions.

Supreme Court-mandated rule that conflicts with no decision of any other court (other than the line of authority *Ortiz* expressly overruled): claim constructions made in orders denying summary judgment are not appealable after a full trial on the merits. They do not involve "neat abstract issues of law" under *Ortiz*. To preserve the issue for appeal, the aggrieved party must assert it via JMOL motions.

Such a rule, required under *Ortiz* and *Teva*, does not impose a pointless burden on trial judges or litigants. The Seventh Circuit has long recognized that even a purely legal issue should not be appealable from an order denying summary judgment where review of the denial unfairly surprises the opposing party, or the trial court had no opportunity to review its denial before that issue was appealed. *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1318 (7th Cir. 1995). While not completely joining the Seventh Circuit's holding in *Rekhi*, this Court has expressed similar concerns about procedural fairness:

> We have held that even a cursory motion suffices to preserve an issue on JMOL so long as it "serves the purposes of Rule 50(a), *i.e.*, to alert the court to the party's legal position and to put the opposing party on notice of the moving party's position as to the insufficiency of the evidence."

*Western Union Co. v. MoneyGram Payment Sys.*, 626 F.3d 1361, 1367 (Fed. Cir. 2010) (citation omitted).

In sum, the Court, sitting *en banc*, should hold that it has no power to review trial court claim constructions made in orders denying summary judgment after

there has been a full trial on the merits. The Court should overrule any of its precedents to the extent they suggest otherwise.

**B. The Court Lacks the Power to Review the Alleged Claim Construction Errors ULT Asserts Judge O'Connor Made in His Orders Denying Summary Judgment.**

As ULT admits, the first three issues it raises on appeal concern Judge O'Connor's denials of ULT's motions for summary judgment:

### ISSUES PRESENTED

1. Did the district court err in its *December 2, 2010 Amended Claim Construction Order* by reversing its initial *Markman* ruling that "voltage source means" is a means-plus-function limitation lacking corresponding structure in the specification, and thus is invalid as indefinite?

2. Did the district court err in its *May 4, 2011 Summary Judgment Order* by modifying its December 2, 2010 construction of the "direct current blocking means," adding structure unnecessary to the recited function, and solely on that basis avoiding prior art that anticipates the asserted claims.

3. Did the district court err in its *May 4, 2011 Summary Judgment Order* by reversing its December 2, 2010 ruling that the "whenever . . . defective" clause should be given its plain meaning, and on that basis denying summary judgment of non-infringement?

ULT Panel Principal Br. 2-3 (emphasis added).

ULT's second and third issues on appeal are expressly from Judge O'Connor's denials of its motions for summary judgment. Its first issue on appeal is from Judge O'Connor's denial of its motion for summary judgment on

9

indefiniteness, as the initial panel recognized and ULT confirmed at the panel-stage oral argument.

### 1. The District Court's Construction of "voltage source means" Is Unappealable Because, *Inter Alia*, It Was Based on an Underlying Factual Finding Entitled to Deference on Appeal.

As the initial panel in this case observed, ULT's appeal of Judge O'Connor's construction of the "voltage source means" limitation is from his December 2, 2010 order denying summary judgment on indefiniteness:

> *On motion for summary judgment*, ULT argued that "voltage source means" is a means-plus-function limitation and that the claims are invalid under 35 U.S.C. § 112, ¶ 2, because the specification fails to disclose any structure capable of providing DC voltage to the device. The district court initially agreed with ULT's assertion and found the asserted claims invalid for indefiniteness. *Lighting Ballast Control, LLC v. Philips Elecs. North Am. Corp.*, 2010 U.S. Dist. LEXIS 85570, *29-31 (N.D. Tex. Aug. 19, 2010).
>
> On motion for reconsideration, the district court reversed its indefiniteness decision because its initial construction of "voltage source means" "exalted form over substance and disregarded the knowledge of a person of ordinary skill in the art." *Lighting Ballast Control, LLC v. Philips Elecs. N. Am. Corp.*, 2010 U.S. Dist. LEXIS 127409, at *38 (N.D. Tex. Dec. 2, 2010).

498 Fed. Appx. at 988 (emphasis added).

Confronted with Lighting Ballast's assertion of wavier under *Ortiz* (*see* Lighting Ballast Panel Principal Br. at 37-38), ULT revised its assertion of trial court error in its reply brief: "These rulings operated as judgment as a matter of law against ULT's indefiniteness defense." ULT Panel Reply Br. 4-5. ULT thus

referred to Judge O'Connor's three rulings addressing the construction of the "voltage source means" claim term as a grant of summary judgment in favor of Lighting Ballast.

To be clear, Judge O'Connor's December 2, 2010 order – Issue Presented #1 in this appeal – was *not* a summary judgment against ULT on indefiniteness. If ULT viewed that order as a summary judgment on indefiniteness against it, then ULT should have appealed what it considered to be an erroneous *grant* of summary judgment in favor of Lighting Ballast on indefiniteness. It did not do so, and it was thus confined to arguing on appeal that Judge O'Connor's December 2, 2010 order was an erroneous denial of ULT's motion for summary judgment on indefiniteness. *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1387 (Fed. Cir. 1999) ("An issue that falls within the scope of the judgment appealed from but is not raised by the appellant in its opening brief on appeal is necessarily waived.").

Regardless, Judge O'Connor's December 2, 2010 order was hardly the end of the indefiniteness battle. ULT subsequently deposed Lighting Ballast's expert with regard to the "voltage source means" limitation (A1618-30), and it renewed its motion for summary judgment of indefiniteness, which Judge O'Connor again denied on May 4, 2011. A62.

Indeed, on appeal, ULT bases its assertions of trial court claim construction error in part on expert deposition testimony taken *after* Judge O'Connor's December 2, 2010 order.[7] Bound by the "purely legal" pretense of *Cybor*, the initial panel in this case reversed Judge O'Connor, quoting, *inter alia*, this deposition testimony taken after the order from which ULT appealed.[8]

*Teva* ends the pretense that *Cybor* required. Judge O'Connor's construction of the "voltage source means" limitation made while denying summary judgment was based on a factual finding that is entitled to deference on appeal:

> *[T]he Court finds* that while the "voltage source means" term does not denote a specific structure, it is nevertheless understood by persons of skill in the lighting ballast design art to connote a class of structures, namely a rectifier, or structure to rectify the AC power line into a DC voltage for the DC input terminals.

A22 (emphasis added); *see also* A23 ("[A] structure to rectify the line is required and is clear from the language . . . . [T]he term describes a rectifier."). No procedural bar prevented ULT from marshaling whatever contrary proofs it thought it could, injecting them into the trial record (either in front of the jury or, if necessary, in an offer of proof outside the presence of the jury), examining

---

[7] *See* ULT Panel Principal Br. 27, quoting expert deposition testimony taken in February 2011, *i.e., after* the December 2, 2010 order from which it appeals. (A1619-23).

[8] 498 Fed. Appx. at 991 ("[T]here are many other ways to provide DC voltage, including 'generators' and 'solar voltaic cells,' as Lighting Ballast's expert admitted. Joint App. 1623.").

witnesses to enhance the trial record, and seeking JMOL from the Court.[9] Under *Teva*, a determination that this claim is indefinite would require setting aside the above factual finding – uncontested by ULT during trial – on how persons skilled in the art would understand this technical term to mean a rectifier. 135 S. Ct. at 837 ("[S]ometimes, say when a written instrument uses technical words or phrases not commonly understood, those words may give rise to a factual dispute.").

In the *en banc* rehearing, all of the initial panel judges acknowledged that Judge O'Connor made an underlying factual finding in construing the "voltage source means" limitation:

> [It] became necessary and appropriate to look outside the intrinsic record and to consider the testimony of Lighting Ballast's expert, Dr. Roberts. . . . When situations like this arise, it is appropriate—and sometimes necessary—to make findings based on extrinsic evidence that relate to the meaning of a disputed term. Resolution of these fact-intensive disputes is an area where district courts' expertise deserves the deference that Rule 52(a)(6) requires.

*Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1306 (Fed. Cir. 2014) (*en banc*) (O'Malley, J., dissenting).

---

[9] Judge O'Connor's final ruling on the topic chided ULT for adding nothing of substance to its indefiniteness defense beyond what it had stated during earlier summary judgment proceedings, but he did not forbid in-trial presentations or proofs. (A62). Rather than join issue at trial, ULT effectively withdrew its indefiniteness defense by agreeing with Lighting Ballast to jointly submit a jury instruction that a "voltage source means" is a "rectifier" (and hence, not indefinite) (A5202, A65).

While ULT would prefer not to characterize its argument as such, it asserts on appeal that Judge O'Connor made a clearly erroneous factual finding incident to his claim construction in the district court's December 2, 2010 order. ULT contends that those having ordinary skill in the lighting ballast art would not have understood the "voltage source means" limitation to be a rectifier – it could be "any and all manner of structures capable of performing that function." ULT Panel Principal Br. 27. According to ULT, Judge O'Connor should have granted its motion for summary judgment on indefiniteness; ULT said exactly this at the panel oral argument: "We're not appealing from a jury instruction. We're appealing from the court's pretrial claim construction and *refusal to grant summary judgment*."[10]

Even assuming ULT is correct in every respect about the proper construction of the "voltage source means" limitation (it is not), it cannot escape the fact that a factual finding was a critical part of Judge O'Connor's construction of this disputed term. Under *Teva* and *Ortiz*, the Court has no power to review Judge O'Connor's refusal to grant ULT's motion for summary judgment. For these reasons, the Court should dismiss ULT's appeal of Judge O'Connor's December 2, 2010 order denying ULT's motion for summary judgment on indefiniteness.

---

[10] Panel Oral Argument at 27:39-27:46 (emphasis added), available at http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2012-1014.mp3

**2. The District Court's Construction of "direct current blocking means coupled to the output terminals" Is Unappealable Because, *Inter Alia*, It Was Based on an Underlying Factual Finding Entitled to Deference on Appeal.**

ULT's second issue on appeal concerns Judge O'Connor's refusal to grant summary judgment on anticipation grounds in his May 4, 2011 order. ULT contends that Judge O'Connor misconstrued the "direct current blocking means coupled to the output terminals" claim limitation. ULT Panel Principal Br. 30-37. Once again, ULT bases its assertion of error on testimony taken *after* the order from which it appeals. *Id.* at 32 (citing trial testimony at A12257-12260). Again, ULT did not bring this argument to the JMOL proceedings, nor did it elicit trial testimony to support its apparently-abandoned viewpoints.

The construction of the "coupled to the output terminals" limitation in many ways parallels the construction of "molecular weight" in *Teva*.

> Teva's expert testified that a skilled artisan would understand that converting data from a chromatogram to molecular weight distribution curves like those in figure 1 would cause the peak on each curve to shift slightly; . . . The District Court credited Teva's expert's account, thereby rejecting Sandoz's expert's explanation. The District Court's finding about this matter was a factual finding—about how a skilled artisan would understand the way in which a curve created from chromatogram data reflects molecular weights. Based on that factual finding, the District Court reached the legal conclusion that figure 1 did not undermine Teva's argument that molecular weight referred to the first method of calculation (peak average molecular weight).

131 S. Ct. at 843 (citations omitted).

15

Here, Judge O'Connor considered expert testimony on whether one skilled in the art would understand the disputed claim limitation as requiring the coupling of the "direct current blocking means" to all sets of "output terminals" – *i.e.*, whether the DC blocking means must account for each set of output terminals. A57-58. Two experts opined that a skilled artisan would understand this limitation to be a structural limitation that requires a circuit designed such that each set of output terminals is coupled to the DC blocking means. *Id.* Like the expert in *Teva*, they based their opinions on how figures and language in the specification would inform a skilled artisan's understanding of the disputed claim limitation. *Id.* Judge O'Connor credited these expert accounts in his factual finding, and he construed the disputed claim language to require coupling of the DC blocking means to all sets of output terminals. A58.

As with the "voltage source means" limitation, it would be nonsensical to say that Judge O'Connor's construction of "direct current blocking means coupled to the output terminals" is a "neat abstract issue of law" under *Ortiz*. This construction was based in part on a factual finding entitled to deference under *Teva*. Indeed, ULT relied on trial testimony to support its argument that Judge O'Connor erred. ULT Panel Principal Br. 32. Under *Teva* and *Ortiz*, the Court has no power to review Judge O'Connor's construction of this limitation, made in his May 4, 2011 order denying summary judgment of anticipation.

16

**3. The Court Has No Jurisdiction to Review ULT's Appeal of the District Court's Construction of the "whenever . . . defective" Claim Limitation Because It Is Not a "Neat Abstract Issue of Law" under *Ortiz*.**

ULT's third contention of error on appeal concerns Judge O'Connor's construction of the so-called "whenever . . . defective" claim limitation in his May 4, 2011 order denying summary judgment for non-infringement. Judge O'Connor construed this term with reference only to the intrinsic record. A47-50. He rejected ULT's proffered extrinsic evidence as inconsistent with the intrinsic record:

> ULT fails to direct the Court to any language in the specification of the '529 Patent supporting its broad construction of the "whenever" clause. . . . Rather, ULT relies primarily on extrinsic evidence, including a dictionary and expert testimony, to define the term "defective" independent of the claims and specification of the '529 Patent. This is not a proper claim construction. . . . Since the specification makes clear that the patent defines "defective" in terms of a broken DC control signal path, *it is not necessary to resort to extrinsic sources to define it.*

A50 (internal footnote and citations omitted; emphasis added).

ULT's appeal of Judge O'Connor's construction of "whenever . . . defective" amply illustrates why it would be impractical to hold that some claim constructions made in orders denying summary judgment are appealable, while others are not. If ULT is correct that its proffered extrinsic evidence should have informed a proper construction of the claim, then it has established that this is *not* a "neat abstract issue of law" under even the most strained reading of *Ortiz*. Holding that this construction is appealable, notwithstanding how Judge O'Connor made it in an order denying

17

summary judgment, would add needless complexity to the Court's review of claim constructions. It would confusingly intertwine the merits of a claim construction issue with the threshold question of whether the Court has jurisdiction to review it.

### C.    *En Banc* Treatment Is Needed.

As discussed above, a decision to review on the merits any of ULT's appeals from denials of summary judgment would directly conflict with decisions of the First, Fourth, Fifth, Seventh and Eighth Circuits that courts of appeals have no jurisdiction to hear appeals for any order denying summary judgment, regardless of how purely legal the disputed issue may be.[11] It would also conflict with the Sixth Circuit's holding that any exception to the non-appealability rule in *Ortiz* applies only to doctrinal questions that "can be asked and answered without reference to the facts of the case." *Kay*, 562 Fed. Appx. at 385. Avoiding a conflict with its sister circuits is a long-established reason for the Court to sit *en banc*.[12]

Also, it would be prudent for the Court to clarify in an *en banc* decision that *ePlus* conflicts with *Teva* and *Ortiz* to the extent it held the Court has jurisdiction to review a claim construction made in an order denying summary judgment. 700 F.3d at 517. The Court reached the right result in *MeadWestVaco Corp. v. Rexam Beauty*

---

[11] *See supra* at 2-3.

[12] *See* Fed. R. App. P. 35(b)(1)(B) ("[A] petition [for rehearing *en banc*] may assert that a proceeding presents a question of exceptional importance if it involves an issue on which the panel decision conflicts with the authoritative decisions of the other United States Courts of Appeals that have addressed the issue.").

*& Closures, Inc.*, holding that it had no power to review the denial of a motion for summary judgment on indefiniteness. 731 F.3d 1258, 1270-71 (Fed. Cir. 2013). Still, the *MeadWestVaco* Court applied *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1573 (Fed. Cir. 1986) on the question of jurisdiction. As with *ePlus*, no party in *MeadWestVaco* brought *Ortiz* to the Court's attention, and the Court never addressed *Ortiz*. Three days prior to oral argument, the Court *sua sponte* instructed the parties to be prepared to discuss whether it had jurisdiction to review the district court's denial of the accused infringers' motion for summary judgment on indefiniteness. *See* case no. 2012-1518, docket item 97.

There is an urgent need for the Court to address whether it has jurisdiction under *Ortiz* to review claim constructions made in orders denying summary judgment after a full trial on the merits. *Teva* establishes that even under the narrowest possible reading of *Ortiz*, such constructions are not appealable when they are based in part on extrinsic evidence or when an appellant contends that the trial judge *should* have considered extrinsic evidence in construing the disputed claim language. But even where the actual (and correct) construction is based solely on the intrinsic patent record, that is not a "neat abstract issue of law" under *Ortiz*. If the *Ortiz* court left open the possibility of an exception to its clear holding of non-appealability, it was limited to broad doctrinal questions that can be asked and answered without reference to the record of the case. The construction of a claim in

a particular patent, which must be viewed in light of a unique record in a specific case, is certainly not a "neat abstract issue of law".

## III.   CONCLUSION.

In sum, the *en banc* Court should dismiss this appeal to the extent it concerns ULT's assertions of error in the trial court's orders denying summary judgment (Issues Presented 1-3). The *en banc* Court could resolve the remaining two issues (4-5), or it could remand what remains of ULT's appeal to the original merits panel.

Respectfully submitted,

Dated: 16 February 2015            /s/ Andrew J. Dhuey
                                   Andrew J. Dhuey
                                   456 Boynton Avenue
                                   Berkeley, California 94707
                                   (510) 528-8200

                                   Robert P. Greenspoon
                                   FLACHSBART & GREENSPOON, LLC
                                   333 North Michigan Avenue
                                   Chicago, Illinois 60601
                                   (312) 551-9500

                                   Jonathan T. Suder
                                   David A. Skeels
                                   FRIEDMAN, SUDER & COOKE
                                   604 East 4th Street, Suite 200
                                   Forth Worth, Texas 76102
                                   (817) 334-0400

                                   Attorneys for Plaintiff-Appellee,
                                   Lighting Ballast Control LLC

## CERTIFICATE OF SERVICE

I certify that I served a copy on counsel of record on the 16th day of February

2015 by electronic means (CM/ECF).

By:    /s/ Andrew J. Dhuey

Attorney for Plaintiff-Appellee,
Lighting Ballast Control LLC

Andrew J. Dhuey
Attorney at Law
456 Boynton Avenue
Berkeley, CA  94707
(510) 528-8200
ajdhuey@comcast.net