2012-1014

_____

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT
_____

LIGHTING BALLAST CONTROL LLC,

*Plaintiff-Appellee,*

v.

PHILIPS ELECTRONICS NORTH AMERICA CORPORATION,

*Defendant,*
and

UNIVERSAL LIGHTING TECHNOLOGIES, INC.,

*Defendant-Appellant.*

_____

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS IN CASE NO. 09-CV-0029
DISTRICT JUDGE REED C. O'CONNOR
_____

**DEFENDANT-APPELLANT'S RESPONSE TO LBC'S PREMATURE
"MOTION FOR EN BANC HEARING"**
_____

Steven J. Routh
Sten A. Jensen

ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, D.C. 20005-1706
202-339-8509
*Attorneys for Defendant-Appellant*

John R. Inge
T. Vann Pearce, Jr.
Diana M. Szego

LBC's recently-filed "motion for en banc hearing" (Dkt. 297) is at best premature and should be denied or rejected as such. Although the Supreme Court has granted the petition for writ of certiorari filed by Plaintiff-Appellee Lighting Ballast Control, LLC's ("LBC"), that Court has not issued its judgment or mandate. Once the case is returned to this Court, if LBC chooses to file a similar request for en banc review, then Defendant-Appellant Universal Lighting Technologies, Inc. ("ULT") shall submit any response requested by this Court, pursuant to Fed. R. App. P. 35(e).

LBC's also incorrectly designated its recent filing as a "motion" for en banc hearing, rather than as a "petition," as required by Fed. R. App. P. 35, on which LBC's filing correctly relies. Adding to the confusion, LBC titled its filing a "motion to dismiss," even though LBC asks "the *en banc* court" to issue a new legal rule. Dkt. 297 at 1-2; *see also id.* at 8-9 (requesting "the Court, sitting *en banc*" to overrule prior case law); 18-20 (invoking Fed. R. App. P. 35(b)(1)(B)'s grounds for a petition for rehearing en banc). The en banc Court has already declined LBC's request to consider en banc the same "jurisdictional" argument raised in LBC's recent filing. *See* Dkt. 55 (petition for rehearing en banc); 84 (order granting petition for rehearing en banc, but directing briefing only on other grounds raised in the petition); 291 (en banc opinion).

Respectfully submitted,

                      /s/ Steven J. Routh
                      Steven J. Routh
Sten A. Jensen
John R. Inge
T. Vann Pearce, Jr.
Diana M. Szego
ORRICK, HERRINGTON & SUTCLIFFE LLP
1152 15th Street, NW
Washington, D.C. 20005-1706
202-339-8509
*Attorneys for Defendant-Appellant*

Dated: February 23, 2015

# CERTIFICATE OF INTEREST

Pursuant to Federal Circuit Rule 47.4, counsel of record for the Defendant-Appellant Universal Lighting Technologies, Inc. ("ULT" or "Universal") certifies the following:

1) The full name of the party represented by counsel of record for Appellant is Universal Lighting Technologies, Inc.

2) The name of the real party in interest is Universal Lighting Technologies, Inc.

3) Universal Lighting Technologies, Inc. is a wholly owned subsidiary of ULT Holdings, Inc. ULT Holdings, Inc. is a wholly owned subsidiary of Panasonic Electric Works Co., Ltd. Panasonic Electric Works Co., Ltd. is a wholly owned subsidiary of Panasonic Corporation. There is no parent corporation or publicly held corporation that owns 10% or more of the interest of Panasonic Corporation.

4) The names of all law firms and the partners and associates that have appeared for Universal in the proceeding before the United States District Court for the Northern District of Texas or who are expected to appear for the party in this Court are:

- Orrick, Herrington & Sutcliffe LLP – Steven J. Routh, Sten A. Jensen, John R. Inge, Diana M. Szego, and T. Vann Pearce, Jr.

- Spencer Crain Cubbage Healy & McNamara, PLLC – Brenda T. Cubbage and Deborah L. Sterling.

- Waddey & Patterson, PC – Mark J. Patterson, Gary L. Montle, and John F. Triggs.

Dated: February 23, 2015         ORRICK, HERRINGTON & SUTCLIFFE, LLP

/s/ Steven J. Routh

Steven J. Routh

# CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

Dated: February 23, 2015                    /s/ Steven J. Routh

                                                                                Steven J. Routh